IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2013 SEP 23 A 11: 09

| | |
|---|---|
| GARNET TURNER, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | CASE NO: 2:13-cv-685-MEF |
| v. ) ) | CLASS ACTION COMPLAINT |
| ) ) | |
| ALLSTATE INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

The Plaintiff, by and through his attorneys, hereby brings this civil action for declaratory judgment, injunctive relief, breach of fiduciary duty, and other relief. He brings the action individually and on behalf of all others similarly situated, pursuant to the Federal Rule of Civil Procedure 23, and alleges upon personal knowledge, information, and belief as to those similarly situated as follows:

1. The Plaintiff and the members of the Class he proposes to represent are entitled to relief for these reasons: (1): the Defendant, Allstate Insurance Company ("Allstate"), has engaged in deceptive activities which are: (a) inimical to the Plaintiff and Class, and (b) due to be declared unlawful, and (2) Allstate, by engaging in the wrongdoing alleged, has obstructed and continues to obstruct

1

Federal Law, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") section 502(a)(3). An order restraining Allstate from such obstruction is due, as is a judgment for other equitable relief and for attorneys' fees.

2.  This Action arises under ERISA section 502(a)(3). Plaintiff is not bringing a cause of action under ERISA section 501(a)(1)(b) and therefore has a cause of action under the catch-all provision of 502(a)(3).

## PARTIES, JURISDICTION, AND VENUE

3.  Plaintiff Garnet Turner is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Montgomery, Alabama, which is in Montgomery County. The activities he complains of have been directed against him by Allstate in Montgomery County.

4.  According to the Alabama Secretary of State, Defendant Allstate Insurance Company is incorporated in the State of Illinois and maintains its principal place of business in the State of Illinois. It is a citizen of the State of Illinois according to 28 U.S.C. § 1332. It may be served for process at its agent for service: CT Corporation System, 2 North Jackson Street Suite 605, Montgomery, AL 36104.

5.  This Court has original and/or exclusive jurisdiction over this action because Plaintiff asserts a claim for benefits due under an employee welfare

benefit plan that is provided by Allstate. Jurisdiction over this action is based upon 28 U.S.C. § 1331, federal subject matter jurisdiction. The claims in this case arise under ERISA.

6. This Court has personal jurisdiction over Allstate, because, *inter alia*, it maintains and has maintained sufficient minimum contacts with and in the State of Alabama at all times material to this action.

7. The events complained of in this lawsuit occurred in this judicial district, making venue here proper. The benefits at issue in this action would have been or were to be received in Montgomery County, Alabama and the breach of fiduciary duty and tortuous conduct occurred in Montgomery County, Alabama.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action on behalf of himself and others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class which Plaintiff seeks to represent is composed of and defined as:

   a. All Allstate Insurance Company retirees that were provided or are provided life insurance benefits at no cost to the retiree but who have received notice or will receive notice that they will no longer be provided life insurance benefits at no cost to the retiree after December 31, 2015.

9. Plaintiff seeks to represent a subclass defined as the following:

a. All Allstate Insurance Company retirees that received a promise or representation from Allstate that they would be provided life insurance benefits at no cost to the retiree for life.

10. The following persons are excluded from the definition of the Class:

a. U.S. District Court judges, magistrate judges of any U.S. District Court, judges of the U.S. Court of Appeals for the Eleventh Circuit, and U.S. District Court personnel having any involvement with administration and/or adjudication of this lawsuit;

b. Class counsel and their employees; and

c. Employees of Metlife or Minnesota Life Insurance Company who insured the Allstate Retiree Life Insurance Plan.

11. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Federal Rules of Civil Procedure, for these reasons:

a. Members of the Class are geographically distributed and so numerous that their joinder is impractical; and

b. Common questions of law or fact exist as to all members of the Class and predominate over any questions affecting only individual Class

members. Some common questions include, but are not limited to, the following:

(i) Whether Allstate violated ERISA by unilaterally and arbitrarily cancelling Plaintiff's and the Class's Allstate paid retiree life insurance benefits;

(ii) Whether Allstate breached its fiduciary duties under ERISA Section 502(a)(3) by engaging in a systemic pattern of misrepresentation that caused Plaintiff and the Class to rely to their detriment that their retiree life insurance would be paid for life by Allstate;

(iii) Whether Plaintiff and the Class are entitled to an order enjoining Allstate from cancelling the Allstate paid retiree life insurance benefits;

(iv) Whether the Plaintiff and Class are entitled to (1) declaratory judgment in their favor, (2) an injunction restraining Allstate from such violations of law, (3) other equitable relief, and (4) an attorney fee as provided for under ERISA.

c. Plaintiff's claims are typical of the claims of the members of the Class under Federal Rule of Civil Procedure 23. Each member of the

5

Class currently receives life insurance which historically has been provided at no cost to the Allstate retiree. Each member of the Class has received, or will receive, notice that Allstate will cease providing this important benefit effective December 31, 2015, giving the putative class an option to purchase new coverage at their own cost – a radical departure from the benefits previously provided, promised, and represented. The claims of the Plaintiff and the Class arising out of Allstate's actions are identical.

    d.    The Plaintiff will fairly and adequately protect the interest of the Class as required by Fed.R.Civ.P. 23. The Plaintiff has no interest which is adverse to the interest of the Class. The Plaintiff has retained counsel who has substantial experience in the prosecution of class actions.

    e.    The prosecution of separate actions by individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Allstate; or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

  f. Pursuant to Fed.R.Civ.P. 23(b)(2), Allstate has acted or refused to act on grounds generally applicable to, and causing injury to, the Plaintiff and Class, and, therefore, declaratory and injunctive is appropriate.

  g. The questions of law or fact common to the Class predominate over questions affecting only individual members. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy under Fed.R.Civ.P. 23. The harm suffered by many individual members of the Class may not be great enough to warrant the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the complex factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

<u>PLAINTIFF'S ALLEGATIONS</u>

12. The Plaintiff began working for Allstate Insurance Company as an employee agent in 1963. He grew his book of business supporting Allstate and its customers for the next 32 years until which time he retired. He retired in 1995

after achieving the Life Achievement Award, being a member of the Honor Ring for 32 years, and being a member of the National Conference Champions for 32 years. Upon his retirement, Allstate represented and promised to provide Plaintiff with $90,000 of life insurance to continue in effect for the remainder of his life at no additional cost to him.

13. Allstate elected to provide certain employees, upon retirement, a company paid Life Insurance benefit under its Group Life and AD&D Insurance Plan ("Plan"). The Plan Administrator, appointed by Allstate, is as follows:

> Employee Benefits Division Director
> Allstate Insurance Company
> 2775 Sanders Road, Suite F5
> Northbrook, IL 60062-6127

The Plan provides that the Plan Administrators, "as the claims fiduciary, have the authority to determine all questions arising under the provisions of the Plan, including the power to determine the rights and eligibility of participants or any other persons, and to remedy ambiguities, inconsistencies or omissions."

14. The Plan section entitled "WHEN YOU RETIRE" provides Allstate retirees with "Retiree Life Insurance." Regular full-time or regular part-time employees who retired in accordance with Allstate's retirement policy who were continuously insured under the Plan, and began that insurance after September 1,1987, for ten or more years immediately prior to retirement were entitled to the

employee's Qualified Annual Earnings at the time of retirement, but no more than $10,000.

15.    The same section provides that Regular full-time or regular part-time employees who were insured under the Plan on August 31, 1987, continued their life insurance coverage after September 1, 1987, and who were continuously insured under the Plan for ten or more years immediately prior to retirement were entitled to more benefits.  Specifically, these employees were entitled to the greater of (1) 40% of the amount insured for as of August 31, 1987, but not more than $100,000, or (2) one times the employee's Qualified Annual Earnings on the date of retirement, but no more than $10,000.

16.    Allstate further provided under this section that "Retiree Life Insurance is provided at no further cost to you [the retiree]."

17.    Plaintiff was insured under the Plan prior to September 1, 1987.  For over 32 years while Plaintiff was a faithful regular full-time employee agent he continuously maintained his life insurance policy until retirement.  Upon retirement, on or about 1995, Plaintiff's self-paid life insurance converted to Retiree Life Insurance and Allstate began paying the premiums as the Plan provides and as Allstate promised and represented.

18.    Throughout Plaintiff's employment, Allstate represented and promised that Plaintiff and other retirees would receive retiree life insurance

9

benefits paid for by Allstate until death. The promises and representations were made by Plaintiff's superiors and managers who were in seniority positions so that Plaintiff understood they were acting on behalf of the Allstate Plan administrator. It was routinely represented to Plaintiff that Allstate would pay, for life, the premiums associated with the life insurance he was provided upon his retirement. Allstate was aware that their employees were relying upon such misrepresentations to their detriment. Upon information and belief, the same misleading and false representations were made to Class members.

19. The promise and representation of permanent life insurance from retirement to death at no additional cost to the retiree was substantial incentive and consideration for the continued work of Plaintiff for Allstate up to the date of his retirement. Employees relied upon these false representations by not purchasing life insurance at a younger age and by relying upon the promise of such life insurance in their financial planning.

20. On or about July 2, 2013, Allstate, through its Executive Vice President and Chief Administrative Officer, wrote to Plaintiff, and upon information and belief, the Class, terminating their life insurance benefits:

> After careful consideration, beginning January 1, 2016, we have made the decision to no longer pay the premium for your current retiree life insurance benefit. Your current retiree life insurance benefit will remain in effect and Allstate will continue to pay for your premium coverage until December 31, 2015. However, at that time your company-paid coverage will end. You will be given the opportunity to continue coverage but at your own cost.

21. On or about January 1, 2016, Plaintiff will be required to pay his own retiree life insurance premiums which are at a substantially higher rate than the premiums that Allstate pays for him today. Life insurance rates are based upon, among other considerations, the age of the insured; the older the applicant, the higher the rate. Plaintiff is over 80 years old today and life insurance rates are significantly higher than they were when Allstate represented to him that his life insurance benefits would be provided at no cost to him for life. Would Allstate not have misrepresented to Plaintiff that his retiree life insurance benefits would be paid for throughout retirement and until death, he would have obtained other life insurance coverage while younger.

22. Plaintiff provided valuable services to Allstate in consideration for the promise and representation of permanent life insurance at no additional cost to him after his retirement.

23. Plaintiff will be irreparably harmed if the above described life insurance coverage paid for by Allstate is terminated December 31, 2015.

24. Plaintiff has detrimentally relied upon the presence of such permanent life insurance in making financial plans for himself and his family and Allstate was aware of his reliance.

## COUNTS

### COUNT ONE

### DECLARATORY JUDGMENT

25. Plaintiff adopts, re-asserts, and incorporates all of the foregoing allegations.

26. There exists between Plaintiff, on the one hand, and Allstate, on the other hand, an actual justiciable controversy with respect to the matters set forth here, as to which Plaintiff is entitled to have a declaration of rights and further relief as set forth herein.

27. The Plaintiff is entitled a judgment declaring:

    a. That Allstate violates ERISA by cancelling Plaintiff's Allstate paid retiree life insurance benefits;

    b. That Allstate, under ERISA, must continue to pay Plaintiff's retiree life insurance benefits until his death, as has been promised and represented to him by Allstate;

    c. That Allstate, under ERISA, owes a fiduciary duty to Plaintiff to communicate accurate information concerning his retiree life insurance benefits;

    d.    That Allstate, under ERISA, breached its fiduciary duty owed to Plaintiff by not communicating accurate information concerning his retiree life insurance benefits;

    f.    That Plaintiff and the Class are entitled attorneys' fees against Allstate under ERISA.

## COUNT TWO

## BREACH OF FIDUCIARY DUTY

28.    Plaintiff adopts, re-asserts, and incorporates all of the foregoing allegations.

29.    ERISA was enacted "to protect…the interests of participants in employee benefit plans and their beneficiaries…by establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans …and providing for appropriate remedies…and ready access to the Federal Courts." *Jones v. American General Life & Accident Ins. Co.*, 370 F.3d 1065, 1071 (11th Cir. 2004) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 513 (1996) (quoting ERISA § 2(b), 29 U.S.C. § 1001(b))).

30.    ERISA requires plan fiduciaries to discharge their duties "solely in the interests of the participants and beneficiaries" and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in

a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a).

31. ERISA defines "fiduciaries" to include persons identified as such in the plan, ERISA § 402(a), 29 U.S.C. § 1102(a), and persons who exercise any discretionary authority or responsibility concerning the management or administration of the plan. 29 U.S.C. § 1002(21)(A).

> The weight of authority recognizes that the term "fiduciary" is to be liberally construed, a position that is consistent with the remedial purposes of ERISA. See *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 544 (S.D. Tex. 2003), quoting *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 720 (9th Cir. 1997), citing *John Hancock Mut. Life Ins. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 96, 114 S. Ct. 517, 126 L. Ed. 2d 524 (1993), and quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 262, 113 S. Ct. 2063, 124 L.Ed.2d 161 (1993) ("'Fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives,' and is defined 'in functional terms of control and authority over the plan,…thus expanding the universe of persons subject to fiduciary duties-and to damages-under § 409(a).'")

*Eslava v. Gulf Telephone Co., Inc.*, 418 F. Supp. 2d 1314, 1321-22 (S.D. Ala. 2006).

32. Employers that retain responsibility for administering their own benefit plans are considered fiduciaries under ERISA. *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996); *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824-26 (11th Cir. 2001).

33.  Employers act in a fiduciary capacity when communicating with employees about plan benefits. *Varity*, 516 U.S. at 502-03; *Hamilton*, 244 F.3d at 827; *In re Unisys Corp. Retiree Medical Benefit "ERISA" Litig.*, 57 F.3d 1255, 1261, n. 10 (3d Cir. 1995); *McMunn v. Pirreli Tire, LLC*, 161 F. Supp. 2d 97, 129-30 (D. Conn. 2001). In this action, the Plan expressly defines Allstate as the Plan Administrator and expressly defines itself as a fiduciary.

34.  Allstate acted in a fiduciary capacity when it made promises and representations to Plaintiff and, upon information and belief, to the Class that their life insurance benefits would remain until death at no cost to the retiree.

35.  ERISA plan fiduciary's "responsibility when communicating with the beneficiary encompasses more than merely a duty to refrain from intentionally misleading a beneficiary. ERISA administrators have a duty not to misinform employees through material misrepresentations and incomplete, inconsistent or contradictory disclosures." *Griggs v. E.I. Dupont De Nemours & Co.*, 237 F.3d 371, 380 (4th Cir. 2001) (citation and internal quotations omitted).

36.  A fiduciary's duty of disclosure entails not only a negative duty not to misinform, but also an affirmative duty to inform when it knows that silence might be harmful. *Unisys*, 57 F.3d at 1262; *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 452 (6th Cir. 2002). In this action, Allstate was required to not only provide accurate information concerning the Plan but also inform its employees

that it may choose to cancel the no cost to retiree life insurance benefit. It failed to do that.

37. Although the Plaintiff is not entitled to relief under ERISA § 501(a)(1)(B), ERISA § 502(a)(3) authorizes awards of "appropriate equitable relief" to plan participants and beneficiaries who rely to their detriment on inaccurate information from plan fiduciaries about plan benefits. *Jones*, 370 F. 3d at 1071-74. Section 502(a)(3) is a "catchall" provision and was to "act as a safety net, offering appropriate equitable relief for injuries caused by violations [of ERISA] that § 502 does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512, 515.

38. An injunction enforcing a plan fiduciary's representation to plan participants about their benefits constitutes "appropriate equitable relief" under ERISA. *Unisys*, 57 F.3d at 1269 (holding retirees' claims for "an injunction ordering specific performance of the assurances *Unisys* made…are restitutionary in nature and thus equitable."); *Gregg v. Transportation Workers of Am . Int'l*, No. 1:99-CV-02659- PAG, Memorandum of Opinion and Order, pp . 6-10 (M.D . Tenn . June 24, 2004) (holding that an order requiring the defendants to provide the plaintiffs the coverage they had been promised constituted "appropriate equitable relief") (citing *Brown v. Aventis Pharmaceuticals, Inc.*, 341 F.3d 822 (8th Cir. 2003)).

39.   ERISA § 502(a)(3) and § 502(a)(5) both expressly authorize the imposition of injunctions or "other appropriate equitable relief to redress violations of the Act.  29 U.S.C. §§ 1132(a)(3) and 1132(a)(5).

40.   Allstate breached its fiduciary duty to provide Plaintiff with complete and accurate information about his retiree life insurance benefits.  Allstate also remained silent when it knew that he was relying upon Allstate's misrepresentations as to retiree's true and accurate life insurance benefits.  Allstate represented to Plaintiff and promised him that he would receive free, lifetime group life coverage upon retirement when Allstate knew it was not true.  Plaintiff relied upon this misrepresentation to his detriment.  Allstate should be enjoined from benefitting from its misrepresentations and be held liable to Plaintiff and the Class for its breach of fiduciary duties.  Such representations were systematically made to the Class as well.

41.   ERISA § 502 (g)(1) authorizes awards of attorneys' fees and expenses of litigation to the prevailing party in appropriate cases.  29 U.S.C. § 1132(g)(1).  Allstate is required to pay attorneys' fees and expenses because of its culpability and ability to satisfy such an award, Plaintiff's cause to resolve significant legal questions through this action, and the deterrent effect such an award may have on others in the same or similar situation.  *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344 (11th Cir. 2001).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of HIMSELF and all others similarly situated, requests an order and judgment against Allstate which –

1. Certifies the Class and appoints Plaintiff and his counsel to represent the Class.

2. Grants declaratory judgment to the Plaintiff and Class.

3. Enjoins Allstate from doing the wrong alleged.

4. Awards a reasonable attorneys' fee to the Plaintiff and Class for the common and public good obtained in this action.

5. Grants such other, further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

BY: /s/ *signature*

W. Lewis Garrison, Jr.
ASB-3591-N74W
Taylor C. Bartlett
ASB-2365-A51B
Christopher B. Hood
ASB-2280-S35H
Attorneys for Plaintiff

Of Counsel:

Heninger Garrison Davis LLC
2224 First Avenue North
Birmingham, AL 35203
205-326-3336

SERVE DEFENDANT by CERTIFIED U.S. Mail at these addresses:

Allstate Insurance Company
c/o CT Corporation System
2 North Jackson Street Suite 605
Montgomery, AL 36104