IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GARNET TURNER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:13-cv-685-WKW |
| ALLSTATE INSURANCE COMPANY, | ) | (WO—Do Not Publish) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Allstate Insurance Company's ("Allstate") Rule 12(b)(6) Motion to Dismiss. (Doc. #23); Fed. R. Civ. P. 12(b)(6). Garnet Turner, Suzanne Willingham, and Donald Kerr (collectively, "Plaintiffs") filed a response in opposition and request leave to amend the complaint if greater particularity is required or "the present pleading falls short for some other reason." (Doc. #27.) Having reviewed the parties' arguments, and for the reasons discussed below, the court will allow Plaintiffs to amend, and Allstate's motion will be denied with leave to refile.

This case is filed under multiple sections of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs are former employees of Allstate. Plaintiffs allege that Allstate provided employees with a company-paid retiree life insurance plan that was to provide them with life insurance at no cost after retirement. On or about July 2, 2013, Allstate notified participants that it would no longer pay the premium on the life insurance policy after December 31, 2015.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend his pleading "by leave of court or by written consent of the adverse party," and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Whether to grant leave to amend is in the discretion of the district court." *Canal Indemnity Comp. v. Regency Club Condominium Owners Assoc., Inc.*, No. 3:11-cv-400-MEF, 2011 WL 5557379, at *1 (M.D. Ala. Nov. 15, 2011) (citing *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003)). In construing Rule 15(a), the Supreme Court has held:

> In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962).

Of the reasons listed above to deny Plaintiffs' motion to amend, Allstate only raises futility. Within the Eleventh Circuit, a district court's "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). Allstate contends that Plaintiffs' breach of fiduciary duty claim (Count II) is "time-barred under ERISA's six-year statute of repose," and, therefore, any amendment to that claim would be futile. (Doc. #31 at 19–20.) According to Allstate, the statute of repose promulgated in 29 U.S.C. § 1113 began to run in this case more than seventeen years ago. (Doc. #24 at 10.) Allstate further

alleges that Plaintiffs' claim is not tolled by the "fraud or concealment" provision of § 1113.[1]

"In order to constitute fraud or concealment such that the six year statute of limitations is applicable, a plaintiff must establish that the defendant engaged in active step[s] of concealment." *Lockhart v. S. Health Plan, Inc. Plan Adm'r*, No. 4:04-cv-0006-WLS-MSH, 2012 WL 1576160, at *7 (M.D. Ga. May 4, 2012). "There must be conduct beyond the breach itself that has the effect of concealing the breach from its victims." *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 242 F.3d 497, 503 (3d Cir. 2001). Thus, there must be "evidence that the defendant took affirmative steps [at any point] to hide its breach of fiduciary duty." *Id.* Moreover, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In Count II, Plaintiffs allege that, during "employment and even during retirement," Allstate represented and made promises that support a tolling of the six-year time bar. (Doc. #19 at 12; Doc. #35 at 6.) Indeed, Plaintiffs contend that "Allstate repeatedly promised the [life insurance] benefit for life" and that "several hundred more retirees were verbally informed that their benefit would be permanent." (Doc. # 35 at 2, 6.) Lastly, Plaintiffs attempt to tie these events together and argue that these facts support a claim for tolling without giving specific facts. (Doc. #35 at 6, n.1.) Plaintiffs request leave to amend if the court finds "Rule 9(b) applies and greater particularity is in order or that the present pleading

[1] The fraud or concealment provision dictates that an ERISA claim for breach of fiduciary duty may be commenced not later than six years after the date of discovery of such breach or violation. *See* 29 U.S.C. § 1113.

falls short for some other reason." (Doc. # 27 at 23.) Plaintiffs' allegations fall short of the facts necessary to determine whether the claim of fraud, and, in turn, the tolling of the time bar, pass muster under Rule 12(b)(6). Thus, to decide whether the time bar set out in 29 U.S.C. § 1113 is tolled, it is necessary for Plaintiffs to state with particularity the circumstances constituting Allstate's active steps to conceal its alleged fraud contained within the letters sent to retirees. *See* Fed. R. Civ. P. 9(b).

Plaintiffs' complaint alludes to, but does not, contain the facts necessary to determine whether Allstate took affirmative steps to actively conceal its alleged breach of fiduciary duty, and, therefore, whether the time bar contained in 29 U.S.C. § 1113 should be tolled. Thus, Plaintiffs will be given leave to amend Count II to conform with this Memorandum Opinion and Order, and Allstate's Motion to Dismiss will be denied.

Accordingly, it is ORDERED that Plaintiffs are granted leave to and including September 30, 2014, to file a Second Amended Complaint to plead Count II with particularity. It is further ORDERED that Allstate's Motion to Dismiss (Doc. #23) is DENIED with leave to refile at the appropriate time, and Allstate's Motion for Leave to File Instanter a Response to Plaintiffs' Notice and Suggestion of Recently Decided Case Law (Doc. #42) is DENIED as moot.

DONE this the 23rd day of September, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE