IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARNET TURNER *individually and on behalf of all others similarly situated*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) CASE NO. 2:13-CV-685-WKW ) (WO) ) ) ) ) |
| JOHN E. KLAAS *on behalf of himself and all others similarly situated*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) CASE NO. 2:15-CV-406-WKW ) (WO) ) ) ) ) |

## ORDER

On October 28, 2016, Allstate Insurance Company ("Allstate") filed a motion to quash a FED. R. CIV. P. 45 third party subpoena served by the plaintiffs on Minnesota Life Insurance Company and Securian Financial Group ("Minnesota Life"). The subpoena (doc. # 29-2) is remarkably broad in its scope, requesting the production of literally all documents relating to Allstate's provision of life insurance to its employees. On November 29, 2016, the court heard argument on the motion. Based on the court's review of the briefs and exhibits, including material produced for *in camera* inspection, the court

concludes that the motion to quash the subpoena is due to be granted in part as reflected in this order. Before getting to the heart of this dispute, there are a few preliminary issues which the court will resolve first in no particular order.

    **A. Timeliness of the Motion to Quash**. The plaintiffs argue that the motion to quash is untimely because FED. R. CIV. P. 45(d)(2)(B) requires that an objection be served the earlier of the time for compliance or 14 days after the subpoena is served, and Allstate did not file its motion within those parameters. This contention is frivolous. Rule 45 plainly imposes its time constraint only on the "person commanded to produce documents." Allstate was not that person. As a fall back position, the plaintiffs argue that in any event Allstate's motion was unreasonably late. The court rejects this argument. At the time the motion was filed, no scheduling order had been entered in this case. Thus, no deadlines were affected, and the plaintiffs suffered no prejudice.

    **B. Work Product**. Allstate contends that the materials sought by the plaintiffs are protected work product as defined by FED. R. CIV. P. 26. Following oral argument, Allstate provided to the court for *in camera* review the documents which are at issue. After review of those documents and upon consideration of counsels' argument, the court concludes that to the extent the subpoena commands production of communications and documents prepared by or for Allstate at the request of its counsel the motion to quash should be granted. First, there is no question that the documents were prepared in anticipation of litigation since these cases had already been filed, and the documents were requested in preparation for mediation. *See e.g., United States v Adlman*, 134 F.3d 1194, 1196 (11th Cir. 1998). The documents showing the nature of the various requests do indeed reflect the thoughts of counsel regarding information needed for the mediation.

While there is no direct discussion of litigation strategy, *see Hickman v. Taylor*, 329 U.S. 495 (1947), any astute lawyer would be able to recognize counsel's underlying approach based on the requests.

Along with the materials delivered to the court for its *in camera* review, counsel for Allstate delivered a letter to the court in which counsel represented that "Allstate has not seen the documents Minnesota Life has collected for production, and therefore cannot be sure that this is the entirety of documents protected by the work product doctrine." Consequently, the court will order that Allstate conduct its privilege review of all of the documents, including the documents produced for *in camera* review, which Minnesota Life intends to produce in response to the subpoena, not later than January 17, 2017, and serve a FED. R. CIV. P. 26(b)(5)(A) privilege log on the plaintiffs on or before January 23, 2017.

**C. Information Not At Issue**. As already noted, the breadth of the plaintiffs' request is large. However, at oral argument the plaintiffs confirmed that they are not seeking information about current employees of Allstate or former Allstate employees who retired before 1990 or after 2014. Thus, to the extent that the subpoena covers information about this group of employees, the motion to quash will be granted.

**D. The Heart of the Matter**. The plaintiffs contend that Allstate provided employees with a company-paid retiree life insurance plan that was to provide them with life insurance at no cost to them after retirement. In 2013, Allstate notified the retirees that beginning in 2016, it would no longer pay these insurance premiums. That notice led to these consolidated class actions.

3

Allstate does not seeks to quash the entire subpoena.[1] Rather, Allstate seeks a protective order only as to its work product and the personal identifying information about the Allstate retirees who are putative class members. The court has resolved the work product issue. So, all that is left is whether the plaintiffs can obtain information about the putative class members.

In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), the Court addressed a similar question.

> Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of "relevancy" described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case. If respondents had sought the information because of its relevance to the issues, they would not have been willing, as they were, to abandon their request if the District Court would accept their proposed redefinition of the class and method of sending notice. Respondents argued to the District Court that they desired this information to enable them to send the class notice, and not for any other purpose. Taking them at their word, it would appear that respondents' request is not within the scope of Rule 26(b)(1).

Id. at 352–53 (citations and footnotes omitted).

There is no question that the information sought cannot be for the purpose of establishing FED. R. CIV. P. 23 numerosity. All parties agree that the classes are in the thousands. At oral argument, the court asked counsel to identify the reasons the plaintiffs sought the personally identifying information about putative class members. Counsel's responses are illuminating. First, counsel stated he just needed the names and then admitted that he did not know what he was going to do with that information. Then counsel said some of these persons may be witnesses regarding representations made at a

---

[1] The plaintiffs argue that Allstate lacks standing to seek a protective order through its motion to quash. Simply put, for the various reasons put forth by Allstate (doc. # 130 at 7-8) the court finds the plaintiffs' arguments unpersuasive.

4

meeting about the retired employees getting "paid up" insurance.

At the time this order will be entered, no motion for class certification has been filed. Counsel's answers to the court's questions first underscore that, at this juncture, the information sought is based purely on speculation. Secondly, if Allstate did make representations at a meeting with retirees (a matter about which discovery would be permissible), obtaining a list of names would shed no light on who among the people identified on the list would be witnesses. That information appropriately should be obtained from Allstate.

In short, the plaintiffs have not identified how the information they seek would have any bearing on the issues in this case. The court will grant the motion to quash with respect to the personally identifying information about Allstate retirees.

Accordingly, it is

ORDERED that the motion to quash be and is hereby GRANTED as to the following information:

1. Current employees of Allstate or former Allstate employees who retired before 1990 or after 2014;

2. Documents which Allstate finds constitute work product after conducting a privilege review as specified in this order; and

3. Personally identifying information about members of the putative classes.

It is further

ORDERED that (1) on or before January 17, 2017, Allstate shall conduct a further privilege review of the documents produced to the court *in camera* and a privilege review of any other documents which Minnesota Life will produce in response to the subpoena,

and (2) on or before January 23, 2017, Allstate shall serve on the plaintiffs a privilege log in accordance with FED. R. CIV. P. 26(b)(5)(A).

It is further

ORDERED that in all other respects the motion to quash is DENIED and that on January 17, 2017, Minnesota Life may respond to the subpoena in accordance with this order.

Done this 7th day of December, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE