# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GARNET TURNER, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE CO., <br><br> Defendant. | CIVIL ACTION NO. 2:13-CV-685-WKW |
| JOHN E. KLAAS, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE CO., <br><br> Defendant. | CIVIL ACTION NO. 2:15-CV-406-WKW |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFFS' ERISA SECTION 502(a)(3) CLAIM**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

STATEMENT OF UNDISPUTED FACTS ..............................................................................2

SUMMARY JUDGMENT STANDARD .................................................................................3

ARGUMENT.............................................................................................................................3

    I.  Summary Judgment Is Proper on Plaintiffs' Section 502(a)(3) Claims Because They Are Time-Barred. ..................................................................................................................3

        A.  The Undisputed Facts Show Plaintiffs' Claims Do Not Meet the Time Requirements of Section 1113. ...................................................................................................4

        B.  Plaintiffs Cannot Avoid the Statute of Limitations Through the "Fraud or Concealment" Exception. ....................................................................................8

    II.  Summary Judgment Is Proper on Plaintiffs' Requested Surcharge Relief. .........................9

CONCLUSION.......................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Brown v. Owens Corning Inv. Review Comm.*,
  622 F.3d 564 (6th Cir. 2010) ..................................................................................6, 7

*Chapman v. AI Transport*,
  229 F.3d 1012 (11th Cir. 2000) ....................................................................................3

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011) ................................................................................................9, 10

*Dawkins v. Fulton County Gov.*,
  733 F.3d 1084 (11th Cir. 2013) ................................................................................3, 8

*Edes v. Verizon Commc'ns, Inc.*,
  417 F.3d 133 (1st Cir. 2005) ........................................................................................6

*Edmonson v. Lincoln Nat. Life Ins. Co.*,
  725 F.3d 406 (3d Cir. 2013) .......................................................................................10

*Edwards v. Aguillard*,
  482 U.S. 578 (1987) .....................................................................................................3

*Fulghum v Embarq Corp.*,
  785 F.3d 395 (10th Cir. 2015) ......................................................................................8

*Haviland v. Metro. Life Ins. Co.*,
  730 F.3d 563 (6th Cir. 2013) ........................................................................................5

*Hughes Aircraft Co. v. Jacobson*,
  525 U.S. 432 (1999) ...................................................................................................10

*Jones v. Am. Gen. Life & Accident Ins. Co.*,
  370 F.3d 1065 (11th Cir. 2004) ....................................................................................2

*Kenseth v. Dean Health Plan, Inc.*,
  722 F.3d 869 (7th Cir. 2013) ......................................................................................11

*Larson v. Northrop Corp.*,
  21 F.3d 1164 (D.C. Cir. 1994) ......................................................................................8

*Lockheed Corp. v. Spink*,
  517 U.S. 882 (1996) ...................................................................................................10

*Martin v. Consultants & Administrators, Inc.*,
  966 F.2d 1078 (7th Cir. 1992) ......................................................................................6

*Saregama India Ltd. v. Mosley*,
   635 F.3d 1284 (11th Cir. 2011) ........................................................................................3

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996)..........................................................................................................2

*Willett v. Blue Cross & Blue Shield of Ala.*,
   953 F.2d 1335 (11th Cir. 1992) ........................................................................................9

**STATUTES**

29 U.S.C. § 1113................................................................................................................ passim

**RULES AND REGULATIONS**

Fed. R. Civ. P. 56(a) .............................................................................................................3

Defendant Allstate Insurance Co. ("Defendant" or "Allstate") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) because the *Turner* and *Klaas* Plaintiffs' (collectively "Plaintiffs") claims fail as a matter of law and lack evidence. In this Brief, Allstate seeks summary judgment on the Plaintiffs' ERISA Section 502(a)(3) claim because the undisputed facts show that Plaintiffs failed to bring their claim within the statute of limitations. Alternatively, Allstate moves for partial summary judgment on Plaintiffs' requested surcharge relief because discovery is now closed and Plaintiffs have offered absolutely no evidence to support the equitable relief they seek.

## INTRODUCTION

This case stems from Allstate's 2013 decision to amend its welfare benefit plans to eliminate a life insurance benefit for Allstate retirees who had retired between 1990 and 2013. In this Brief, Allstate seeks summary judgment or, alternatively, partial summary judgment on the *Turner* and *Klaas* Plaintiffs' ERISA Section 502(a)(3) breach of fiduciary duty claim. This claim alleges that Allstate breached its fiduciary duties by supposedly misrepresenting to Plaintiffs that the retiree life insurance was "paid up," "fully paid," "permanent," or otherwise vested, when in fact it was not vested and was subject to amendment or termination at any time.

Allstate is entitled to summary judgment on Plaintiffs' Section 502(a)(3) claim because, as a matter of law, the claim is time-barred under ERISA Section 1113. The undisputed facts show that any alleged fiduciary breach occurred more than six years before Plaintiffs filed suit. Moreover, after nearly four years of litigation, Plaintiffs have not produced a shred of evidence that Section 1113's tolling exception for fraud or concealment should apply.

Regardless of whether Plaintiffs' Section 502(a)(3) claims were timely, Allstate is also entitled to partial summary judgment dismissing Plaintiffs' requested surcharge remedy. Plaintiffs seek a fiduciary surcharge as equitable relief for their Section 502(a)(3) claim that

1

Allstate breached fiduciary duties by misrepresenting the terms of the retiree life insurance as vested or "paid up." However, Plaintiffs' requested surcharge is not based on injury resulting from Allstate's supposed fiduciary misrepresentations regarding the terms of the Plan, but is based on the savings realized by Allstate as a result of its non-fiduciary decision to terminate Plan benefits.[1]

A surcharge may under some circumstances be ordered to remedy harm proximately caused by a fiduciary breach; but the law is clear that an employer's decision to establish, modify or terminate employee welfare benefits is not a fiduciary act and that Allstate's decision to terminate Plaintiffs' retiree life insurance was therefore not a breach of fiduciary duty. The only alleged breach of fiduciary duty here is Allstate's supposed misrepresentations, but the surcharge sought by Plaintiffs bears no relationship to any harm that resulted from those alleged breaches. Because Plaintiffs have offered no evidence of damages flowing from Allstate's alleged misrepresentations, this Court must dismiss Plaintiffs' requested surcharge relief for lack of evidence.

## STATEMENT OF UNDISPUTED FACTS

Allstate incorporates by reference its Combined Statement of Undisputed Facts in Support of its Motions for Summary Judgment, which is being filed concurrently with this brief. The undisputed facts referred to and relied on in this brief are identified by numbered paragraph ("SOF _") in the argument below.

---

[1] Plaintiffs' Section 502(a)(1)(B) claim, which Allstate addresses in a separately filed motion, is independent of and mutually exclusive with Plaintiffs' Section 502(a)(3) claim addressed here. The Section 502(a)(1)(B) claim turns on a finding that Allstate's Governing Plan Documents offered a vested benefit; the Section 502(a)(3) claim turns on a finding that they did not. *See Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1071–74 (11th Cir. 2004) (discussing *Varity Corp. v. Howe*, 516 U.S. 489 (1996) and explaining how a Section 502(a)(3) claim may be an alternative theory when adequate relief under Section 502(a)(1)(B) is not available).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "Reasonable inferences" that arise from undisputed facts should be made in favor of the nonmovant, but "an inference based on speculation and conjecture is not reasonable." *Dawkins v. Fulton County Gov't*, 733 F.3d 1084, 1089 (11th Cir. 2013).

After the moving party shows no genuine issue of material fact exists, the nonmoving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* at 1088–89. On summary judgment, the Court should resolve claims that turn on pure questions of law, including questions of contractual and statutory interpretation. *See Edwards v. Aguillard*, 482 U.S. 578, 594 (1987); *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

**ARGUMENT**

**I.    Summary Judgment Is Proper on Plaintiffs' Section 502(a)(3) Claims Because They Are Time-Barred.**

Plaintiffs' Section 502(a)(3) claims are that Allstate breached its fiduciary duty by misrepresenting to Plaintiffs that they would receive a vested retiree life insurance benefit, when in fact they did not. Doc. 44, *Turner* Pls.' Second Am. Compl. ¶¶ 22(a), 35, 37, 40, 44, 46, 48, 81, 88; Doc. 62, *Klaas* Pls.' Am. Compl. ¶¶ 24–25, 29, 31–32, 45, 51–53. But any Section 502(a)(3) claim based on Allstate's alleged misrepresentations or omissions is time-barred as a matter of law.

To survive summary judgment, Plaintiffs must have filed their Complaints either within (1) six years after the date of the last alleged fiduciary breach; or (2) within three years from the time Plaintiffs had actual knowledge of the facts for their claim, whichever was earlier. 29 U.S.C. § 1113. The only exception is if Plaintiffs can prove their claim is based on "fraud or concealment," in which case Plaintiffs needed to file suit "not later than six years" after they discovered or should have discovered the claimed breach. *Id*. Because the undisputed evidence shows that any alleged breaches occurred more than six years prior to the filing of the lawsuits, and because Plaintiffs have offered no evidence that Allstate engaged in "fraud or concealment" such that the tolling exception should apply, their Section 502(a)(3) claim is therefore time-barred and must be dismissed.

### A. The Undisputed Facts Show Plaintiffs' Claims Do Not Meet the Time Requirements of Section 1113.

Section 1113 requires that any claim under 502(a)(3) be brought within the *earlier* of (i) six years of "the date of the last action which constituted a part of the breach or violation," or (ii) "in the case of an omission," within six years of "the latest date on which the fiduciary could have cured the breach or violation," or (iii) within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113. In light of the undisputed facts, Plaintiffs cannot possibly satisfy this requirement.

Plaintiffs' claim under Section 502(a)(3) is that Allstate misrepresented the terms of the retiree life insurance benefit or, at the very least, failed to clarify that the benefit was not vested for life.[2] The named Plaintiffs claim to have received misrepresentations during their tenure at Allstate, but the last alleged misrepresentation upon which any Plaintiff relies occurred in June

---

[2] *See, e.g*., Doc. 44, *Turner* Pls.' Second Am. Compl. at ¶ 88 ("Allstate breached its fiduciary duty to provide plaintiffs with complete and accurate information about their retiree life insurance benefits."); Doc. 62, *Klaas* Pls.' Am. Compl. ¶ 51 ("Allstate breached its fiduciary duty to provide Plaintiffs and the Class with complete and accurate information about their retiree life insurance benefits as part of the SRO.").

4

2006, supposedly at a benefits seminar held for the Roanoke, VA office and attended by Plaintiff Shepherd. SOF ¶ 89. Thus, even assuming the statements at issue were misrepresentations, the latest any purported breach of fiduciary duty could have occurred is June 2006, more than six years before this lawsuit was filed.[3] So all Plaintiffs' claims are time-barred under their own "misrepresentation" theory.

Plaintiffs have also attempted to frame the alleged breaches as "omissions," but even under this theory, their claims are barred. As shown above, in the case of an omission, an action must be commenced within six years of "the latest date on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113(1). And although Plaintiffs have failed to offer any evidence of an omission,[4] the undisputed evidence shows that even if they could, the six-year time period expired before Plaintiffs filed this suit. Even assuming Allstate breached its fiduciary duty by omitting to tell Plaintiffs their retiree life insurance could be terminated at any time—a claim that is plainly contradicted by the numerous repeated written communications reserving Allstate's right to amend or terminate its welfare benefit plan—the last day Allstate could have cured the omission was the day *before* each Plaintiff retired. Once Plaintiffs became retirees, they received a retiree life insurance benefit that was subject to termination at any time, and it was at that point simply too late to cure the omission by correcting or supplementing the statements that were made. Here, all of the named Plaintiffs except Vernon Bentley retired more

---

[3] Allstate by no means concedes that statements to the effect that the retiree life insurance benefit was "at no cost" or "fully paid" or "for the rest of your life" were in any way "misrepresentations." On the contrary, such statements were accurate descriptions of the Plan benefits as they existed at the time that such statements were made. *See Haviland v. Metro. Life Ins. Co.*, 730 F.3d 563, 573 (6th Cir. 2013). However, for purposes of this motion, it is not material whether the statements were "misrepresentations" because any action would be time-barred.

[4] Plaintiffs argue that Allstate's failure to correct any confusion caused by the misrepresentations creates an ongoing claim for an omission. If every misrepresentation resulted in subsequent, additional breaches by omission until a defendant corrected the misrepresentation at issue, Section 1113(1)'s second prong would extend the limitations period indefinitely, rendering the first prong meaningless.

5

than six years before this lawsuit was filed, and their claims are, as a matter of law, also precluded by Section 1113's omission provision.[5] SOF ¶ 37.

As for Bentley, his "omission" claim is barred under 29 U.S.C. § 1113(2), which requires that any action be filed within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation."[6] For a claim to be time-barred under Section 1113(2), "it is not necessary for a potential plaintiff to have knowledge of every last detail of a transaction, or knowledge of its illegality." *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992). Rather, actual knowledge requires only that the plaintiff knew of the facts constituting the alleged breach. *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 570 (6th Cir. 2010). As the Sixth Circuit made clear in *Brown,* plaintiffs are deemed to have "actual knowledge" for purposes of Section 1113(2), when they receive SPDs or other documents that disclose facts inconsistent with the alleged misrepresentation:

> Actual knowledge does not "require proof that the individual Plaintiffs actually saw or read the documents that disclosed" the allegedly harmful investments. . . . When a plan participant is given specific instructions on how to access plan documents, *their failure to read the documents will not shield them from having actual knowledge of the documents' terms*.

*Id*. at 571 (emphasis added); *see also Edes v. Verizon Commc'ns, Inc*., 417 F.3d 133, 142 (1st Cir. 2005) (stating that Congress did not intend "the actual knowledge requirement to excuse willful blindness by a plaintiff"). As a result, the *Brown* plaintiffs were deemed to have "actual knowledge" of their claims more than three years from the time they filed suit, and their claims were thus barred as a matter of law. 622 F.3d at 571.

---

[5] Plaintiff Bentley officially received his "retirement benefits" in 2010, after converting from an Allstate employee to an exclusive independent contractor agent in 2000. SOF ¶ 64, 68. However, Bentley alleges that he received his misrepresentation at the time he was hired by Allstate in the early 1980s. SOF ¶ 65. His claim is therefore time-barred under the first prong of Section 1113(1).

[6] Section 1113(2) also precludes the Section 502(a)(3) claim of the other *Turner* and *Klaas* named Plaintiffs. However, because their claims are foreclosed by Section 1113(1) as a matter of law, it is not necessary to address their claims under 1113(2).

In Bentley's case, Allstate's alleged breach of fiduciary duty occurred more than thirty years ago, before he was hired by Allstate in 1980. SOF ¶ 65. According to Bentley, his soon-to-be managers told him during job interviews that Allstate's benefits included paid-up retiree life insurance. SOF ¶ 65. It is undisputed, however, that Bentley, at a minimum, received the 1991 SPD, because he produced it in this case. SOF ¶ 66. The 1991 SPD unequivocally stated that Allstate's Group Life Plan, which included the retiree life insurance benefit, could be amended or terminated at any time. SOF ¶ 13. Then in 2000, when Bentley converted from an Allstate employee to an exclusive independent agent under Allstate's Preparing for the Future Program, he acknowledged in writing receiving and understanding a booklet that explained the impact of the conversion to his plan benefits. SOF ¶¶ 68-69. The booklet directed Bentley to Allstate's SPDs and clearly stated "Allstate reserves the right to change, amend or terminate the plans or programs at any time." SOF ¶ 69.

Thus, even assuming Bentley received an actionable misrepresentation in 1980, he is deemed to have actual knowledge of his claim by no later than 1991 (or at the latest 2000), regardless of whether he read or understood the 1991 SPD or Preparing for the Future booklet. *See Brown*, 622 F.3d at 571. Under Section 1113(2), Bentley's breach of fiduciary duty claim must be dismissed, because it became time-barred in 2003 at the latest.[7]

Thus, Plaintiffs' Section 502(a)(3) claims are time barred under either Section 1113(1) or Section 1113(2) and should be dismissed on summary judgment.

---

[7] Similarly, each of the named Plaintiffs repeatedly received SPDs between 1990 and the date on which they retired that clearly and unequivocally stated that Allstate reserved the right to amend, modify or terminate the Plan and that no participant or beneficiary has a vested benefit. SOF ¶¶ 5-6, 13-14, 18-19, 24-25, 30-31. So even if their claims were not otherwise barred under the six year ERISA statute of repose, 29 U.S.C. § 1113(1), their claims, like those of Mr. Bentley, would be barred under the "actual knowledge" limitation provision of 29 U.S.C. § 1113(2).

7

### B. Plaintiffs Cannot Avoid the Statute of Limitations Through the "Fraud or Concealment" Exception.

The only exception to the limitations periods imposed above is if Plaintiffs can prove "fraud or concealment." 29 U.S.C. § 1113. Under that exception, the limitations period is six years from the time Plaintiffs discovered the alleged breach. *Id*. But this exception cannot help Plaintiffs, because discovery has disclosed no evidence of any fraud or concealment.[8] *See Dawkins*, 733 F.3d at 1089.

Both fraud and concealment require that Plaintiffs present evidence that, among other things, Allstate not only made false or misleading statements or failed to disclose something it should have disclosed, but that Allstate did so with the "inten[t] to deceive" so that Plaintiffs would "act upon it to [their] legal injury." Plaintiffs have absolutely no evidence that Allstate made misleading statements or failed to disclose information with any *intent* to deceive any of the Plaintiffs.

Beyond the lack of malicious intent, Plaintiffs cannot establish Allstate concealed anything. "Concealment" requires evidence that Allstate withheld something that it knew and that it was duty bound to reveal. *See Fulghum*, 785 F.3d at 415 ("ERISA does not define the terms 'fraud' or 'concealment' and, therefore, our inquiry focuses on the ordinary meaning of the term at the time Congress enacted the statute. . . . Concealment, at the time, was defined as a withholding of something which one knows and which one, in duty, is bound to reveal."); *Larson*

---

[8] The majority of circuits have correctly construed Section 1113 as requiring proof of fraudulent concealment. *See Fulghum v Embarq Corp.*, 785 F.3d 395, 414 (10th Cir. 2015) (discussing cases from First, Third, Seventh, Eighth, Ninth, and District of Columbia Circuits); *see also* Doc. 121, Memo. Op. and Order at 14–22. Under this view, a plaintiff must identify "conduct beyond the breach of fiduciary duty itself that had the effect of concealing the fraud from its victims." Doc. 121, Memo. Op. and Order at 16. The minority view, adopted by the Second and Tenth Circuits, holds that the tolling exception can apply for fraud or concealment, even when the alleged fiduciary breach itself involves a "fraudulent misrepresentation or suppression of material facts." *Id.* at 17–18. Regardless, even under the minority approach, both fraud *and* concealment require evidence of an "inten[t] to deceive another so that he shall act upon it to his legal injury." *Id.* at 19 (quoting *Fulghum*, 785 F.3d at 415). Regardless of which approach is followed here, discovery has disclosed absolutely no "fraud" or a "concealment," intentional or otherwise, and the tolling exception as a matter of law does not apply.

*v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C. Cir. 1994) ("[T]here must be actual concealment—*i.e.*, some trick or contrivance intended to exclude suspicion and prevent inquiry."). The undisputed facts show just the opposite occurred here. From at least 1990 forward, Allstate regularly, repeatedly and openly disclosed in written communications circulated to all its employees that the retiree life insurance was subject to amendment, modification or termination at any time. SOF ¶¶ 4-44, 49, 50. Indeed, Plaintiff Mountford described that express reservation of rights as "boilerplate throughout the benefits." SOF ¶ 41. An employee who worked at Allstate between 1990 and 2000 would have received no fewer than 16 written communications throughout that period advising that there was no vested right to the benefit and that the benefit could be modified or terminated at any time. SOF ¶¶ 5, 11-15, 40-43. Under these facts, Plaintiffs simply cannot show that any concealment occurred—much less intentional concealment.

Because there is absolutely no evidence that Section 1113's tolling exception should apply, Plaintiffs' Section 502(a)(3) claim is time-barred and should be dismissed as a matter of law.

## II. Summary Judgment Is Proper on Plaintiffs' Requested Surcharge Relief.

Statute of limitations aside, the Court should grant partial summary judgment on Plaintiffs' request for a surcharge on the separate and independent ground that the requested surcharge is unrelated to any damages caused by a fiduciary breach.

A court may impose a surcharge remedy when the plaintiff proves, by a preponderance of the evidence, that an ERISA fiduciary's breach of its fiduciary duty caused actual harm. *CIGNA Corp. v. Amara*, 563 U.S. 421, 444 (2011). But the surcharge losses must be proximately caused by the fiduciary breach. *Willett v. Blue Cross & Blue Shield of Ala.*, 953 F.2d 1335, 1343 (11th

9

Cir. 1992); *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 424 (3d Cir. 2013) ("ERISA requires a plaintiff to show that the injury was a proximate cause of the breach of duty.").

The surcharge Plaintiffs seek in this case is tied—not to any alleged fiduciary breach by Allstate—but to Allstate's 2013 decision to terminate the retiree life insurance benefit. In their Rule 26 disclosures, Plaintiffs indicated that they seek:

> [a] surcharge to prevent Allstate, as a fiduciary, from profiting from the alleged breach of fiduciary duty. The amount of the surcharge is subject to further discovery and disclosure *should be equal to the amount of money Allstate would have spent to provide the benefit permanently to each Plaintiff and all members of the class of retirees after December 31, 2015*.

SOF ¶ 139. Plaintiffs subsequently proffered a report from an expert, Ralph Summerford, who opined "that Allstate has saved at least $133 million as a result of the termination of the benefit." SOF ¶¶ 141-142. Plaintiffs have presented no other calculation or evidence of any other surcharge that the Court should impose against Allstate. SOF ¶¶ 143-144.

As a matter of law, Allstate's decision to amend its welfare benefits plans to terminate the retiree life insurance, was not a breach of fiduciary duty. The Supreme Court has repeatedly held that a Plan sponsor's decision to terminate a plan or plan benefit is not a fiduciary function:

> Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries. As we said with respect to the amendment of welfare benefit plans . . . "[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust.

*Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)); *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443 (1999) (same). Therefore, the surcharge, as alleged and calculated by Plaintiffs, is based on an alleged "loss" that resulted from a settlor's prerogative, not from a fiduciary breach. Because, a surcharge under *Amara* is only appropriate to address the result from the fiduciary

10

breach, Plaintiffs are not entitled to a surcharge based on Allstate's supposed monetary gain resulting from its non-fiduciary termination of plan benefits.

Put differently, to the extent there was a breach of fiduciary duty, the breach was alleged misrepresentations, not Allstate's non-fiduciary decision to amend the Plan to eliminate the retiree life insurance benefit for post-1989 retirees.  In assessing a surcharge for a breach of fiduciary duty claim, "[t]he proper make-whole remedy . . . would be to place [the plaintiffs] back in the position [they] would have been in if [Allstate] had provided correct information." *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 883 (7th Cir. 2013).  This requires the court "to assess [the plaintiffs'] options as if [they] . . . had the correct information."  *Id.*  Allstate would have been permitted to terminate the benefit regardless of whether Plaintiffs "had the correct information," so imposing a surcharge based on Allstate's financial savings from terminating that benefit does not "place [the plaintiffs] back in the position [they] would have been in if [Allstate] had provided correct information."  *See id.*  Accordingly, the requested surcharge is impermissible and the Court should grant partial summary judgment to exclude any surcharge remedy for Plaintiffs' claim under ERISA § 502(a)(3).

In addition, even if a surcharge could be based on the loss caused by the termination of the benefit, the named Plaintiffs here suffered no such loss.  Pursuant to the Court's preliminary injunction, the named Plaintiffs' retiree life insurance benefits have continued in effect notwithstanding Allstate's termination of the benefit for other persons who retired on or after January 1, 1990.  Doc. 121, Memo. Op. and Order at 28-29.  Having suffered no loss of their own as a result of Allstate's decision to terminate the benefit, the named Plaintiffs cannot seek a surcharge to remedy that loss.  *See Kenseth*, 722 F.3d at 883 (explaining that the purpose of a

11

surcharge is to make a plaintiff whole, unlike here where the named plaintiffs have suffered no loss as a result of Allstate's conduct).

## CONCLUSION

For all the foregoing reasons, Allstate's motion for summary judgment on Plaintiffs' Section 502(a)(3) claim or, alternatively, for partial summary judgment on their request for a surcharge remedy should be granted.

Dated: September 20, 2017.

/s/ Richard L. Fenton
Richard L. Fenton
(Admitted *pro hac vice* /IL Bar: 3121699)
Christopher Q. King
(Admitted *pro hac vice* /IL Bar: 6189835)
Amanda M. Moeller
(Admitted *pro hac vice* /IL Bar: 6286890)
DENTONS US LLP
233 South Wacker Drive. Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Dara D. Mann
(Admitted pro hac vice /GA Bar: 469065)
Uchenna Ekuma-Nkama
(Admitted pro hac vice /GA Bar: 957861)
Deborah F. Lempogo
(Admitted pro hac vice /MO Bar: 68516 & IL Bar: 6324234)
DENTONS US LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

Wade P. K. Carr
(Admitted *pro hac vice* /MO Bar:62786 & KS Bar: 25105)
Samantha J. Wenger
(Admitted *pro hac vice* /MO Bar: 25322 & KS Bar: 64230)
DENTONS US LLP

4520 Main Street
Suite 1100
Kansas City, Missouri 64111
Telephone: (816)460-2400
Facsimile: (816) 531-7545

Meagan D. Self
(Admitted *pro hac vice* /TX Bar: 24078453)
DENTONS US LLP
2000 McKinney Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910


David J. Middlebrooks
ASB- 8553-D58D
Albert L. Vreeland, II
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Telephone: (205) 323-9262
Facsimile: (205) 326-3008

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2017, I filed the foregoing with the Clerk of the Court via the ECF system, which will send notice and a copy of the same to all counsel of record.

<u>/s/ Richard L. Fenton</u><br>
An attorney for Defendant