# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GARNET TURNER,<br>individually and on behalf of all others<br>similarly situated, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE CO.,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-CV-685-WKW |
| JOHN E. KLAAS,<br>individually and on behalf of all others<br>similarly situated, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE CO.,<br><br>    Defendant. | CIVIL ACTION NO. 2:15-CV-406-WKW |

**DEFENDANT'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT ON KLAAS PLAINTIFFS' UNIQUE CLAIMS UNDER ERISA SECTIONS 502(a)(3) AND 502(a)(1)(B)**

**Table of Contents**

INTRODUCTION ........................................................................................................................ 1

SUMMARY JUDGMENT STANDARD ..................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    I.   The *Klaas* Plaintiffs' Independent Breach of Fiduciary Duty Claims Fail as a Matter of Law. ................................................................................................................................. 3

        A.  The *Klaas* Plaintiffs' Class Certification Briefing Asserted a New, Unpleaded Claim for Breach of Fiduciary Duty. ................................................................................... 3

        B.  The *Klaas* Plaintiffs' New Breach of Fiduciary Duty Claim Must Be Dismissed Because it is Not Based on Fiduciary Conduct. .............................................................. 5

        C.  The *Klaas* Plaintiffs' "Failure of Consideration" Theory is Untenable. ....................... 5

        D.  The *Klaas* Plaintiffs' New Breach of Fiduciary Duty Claim is Time-Barred. ............. 6

            1.  The Undisputed Facts Show Plaintiffs' Breach of Fiduciary Duty Claim Cannot Meet the Requirements of Section 1113(1). ........................................................... 7

            2.  The Undisputed Facts Show Plaintiffs Cannot Meet the "Fraud or Concealment" Tolling Exception. ................................................................................................. 8

    II.  Summary Judgment is Proper on the *Klaas* Plaintiffs' Section 502(a)(1)(B) Claim Because the SRO Did Not Offer Vested Retiree Life Insurance. ....................................... 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chapman v. AI Transp.*,
    229 F.3d 1012 (11th Cir. 2000) ...................................................................................2

*Curtiss-Wright Corp. v. Schoonejongen*,
    514 U.S. 73 (1995) .......................................................................................................5

*Dawkins v. Fulton Cnty. Gov't*,
    733 F.3d 1084 (11th Cir. 2013) ...................................................................................3

*Edwards v. Aguillard*,
    482 U.S. 578 (1987) .....................................................................................................3

*Fulghum v. Embarq Corp.*,
    785 F.3d 395 (10th Cir. 2015) .....................................................................................8

*Hughes Aircraft Co. v. Jacobson*,
    525 U.S. 432 (1999) .....................................................................................................5

*Hurlbert v. St. Mary's Health Care Sys., Inc.*,
    439 F.3d 1286 (11th Cir. 2006) ...................................................................................4

*Kelly v. Honeywell Int'l, Inc.*,
    233 F. Supp. 3d 302 (D. Conn. 2017) ..........................................................................5

*Larson v. Northrop Corp.*,
    21 F.3d 1164 (D.C. Cir. 1994) .....................................................................................8

*Lockheed Corp. v. Spink*,
    517 U.S. 882 (1996) .....................................................................................................5

*M & G Polymers USA LLC v. Tackett*,
    135 S. Ct. 926 (2015) ..............................................................................................9, 11

*Pegram v. Herdrich*,
    530 U.S. 211 (2000) .....................................................................................................5

*Saregama India Ltd. v. Mosley*,
    635 F.3d 1284 (11th Cir. 2011) ...................................................................................3

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) .......................................................................................9

*Stearn v. NCR Corp.*,
   297 F.3d 706 (8th Cir. 2002) ..................................................................................................9

**Statutes**

29 U.S.C.A. §1113 ..............................................................................................................6, 7, 8, 9

**Rules and Regulations**

29 C.F.R. § 1624.22 ........................................................................................................................6

Fed. R. Civ. P. 56............................................................................................................................2

Defendant Allstate Insurance Co. ("Defendant" or "Allstate") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) because the *Klaas* Plaintiffs' claims fail as a matter of law and for lack of evidence.

## INTRODUCTION

Like *Turner v. Allstate*, with which this action is consolidated, the *Klaas* case stems from Allstate's 2013 decision to terminate certain retiree life insurance benefits for former employees who retired after December 31, 1989. There is substantial overlap between the claims asserted by the *Turner* Plaintiffs and the *Klaas* Plaintiffs. The common deficiencies in those claims are addressed in Defendant's Brief in Support of Motion for Summary Judgment Against Plaintiffs' ERISA Section 502(a)(1)(B) Claim (the "Section 502(a)(1)(B) Brief") and in Defendant's Brief in Support of Motion for Summary Judgment Against Plaintiffs' ERISA Section 502(a)(3) Claim (the "Section 502(a)(3) Brief"), filed contemporaneously herewith.

Here, Allstate addresses two issues that are unique to the *Klass* Plaintiffs and that do not pertain to the *Turner* Plaintiffs. The first is Plaintiffs' contention that the waiver obtained by Allstate from Special Retirement Opportunity ("SRO") participants in 1994 somehow divested Allstate of its right to amend, modify or terminate the retiree life insurance benefit nearly two decades later, because that benefit somehow constituted the "consideration" for the ADEA/OWBPA waiver. As demonstrated below, *infra* Argument, Section I.A-D, that claim fails as a matter of law on four separate and independent grounds: (1) the claim is not pleaded; (2) Plaintiffs as a matter of law cannot establish any fiduciary misconduct in connection with the SRO waiver; (3) Plaintiffs' argument regarding "failure of consideration" is based on an untenable reading of ADEA/OWBPA and ignores the ample consideration Plaintiffs received in the form of salary continuation and enhanced pension benefits; and (4) the claim is time-barred.

The second issue is the *Klaas* Plaintiffs' Section 502(a)(1)(B) claim, which alleges that the SRO offered a vested retiree life insurance benefit. This claim also fails as a matter of law, because the undisputed facts show that the SRO offered, at most, a three-year credit toward the eligibility criteria for retiree life insurance under the pre-existing plan.[1] Plaintiffs' claim also flies in the face of controlling Supreme Court precedent holding that plan documents may not be construed to create vested or lifetime benefits absent clear and unambiguous language to the contrary. Such language is wholly lacking here; indeed the plan documents expressly affirm Allstate's right to amend, modify or terminate the benefit "at any time" and expressly provide that no plan participant or beneficiary has a vested interest in the benefit.

Because there are no genuine issues of material fact with respect to the *Klass* Plaintiffs' separate ERISA claims relating to the SRO, Allstate is entitled to judgment on those claims as a matter of law. Fed. R. Civ. P. 56.

## STATEMENT OF UNDISPUTED FACTS

Allstate incorporates by reference its Combined Statement of Undisputed Facts in Support of its Motions for Summary Judgment and exhibits attached thereto, which is being filed concurrently with this brief. The undisputed facts referred to and relied on in this brief are identified by numbered paragraph ("SOF _") in the argument below.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *Chapman v. AI Transp.*, 229

---

[1] None of the *Klaas* Plaintiffs benefited from the SRO's three-year participation credit because they all had participated in Allstate's Employee Life Insurance Plan for 10 or more years, and were thus already eligible for retiree life insurance. SOF ¶¶ 55-56.

2

F.3d 1012, 1023 (11th Cir. 2000) (en banc).  "Reasonable inferences" that arise from undisputed facts should be made in favor of the non-movant, but "an inference based on speculation and conjecture is not reasonable."  *Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1088 (11th Cir. 2013).

After the moving party shows no genuine issue of material fact exists, the nonmoving party "must go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."  *Id.* at 1088-89.  On summary judgment, the Court can and should resolve claims that turn on pure questions of law, including questions of contractual and statutory interpretation.  *See Edwards v. Aguillard*, 482 U.S. 578, 594 (1987); *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

## ARGUMENT

**I.   The *Klaas* Plaintiffs' Independent Breach of Fiduciary Duty Claims Fail as a Matter of Law.**

   **A.   The *Klaas* Plaintiffs' Class Certification Briefing Asserted a New, Unpleaded Claim for Breach of Fiduciary Duty.**

The *Klaas* Plaintiffs' breach of fiduciary duty theory has shifted over the course of this litigation.  Their operative complaint alleges that Allstate breached its fiduciary duty through "misrepresentations, omissions, and concealment" about the retiree life insurance benefit.  Doc. 62, *Klaas* Pls.' Am. Compl. ¶¶ 44–45, 51–54.  The reasons to grant summary judgment on this claim are stated in the Section 502(a)(3) Brief.

In the *Klaas* Plaintiffs' class certification briefing, however, Plaintiffs disavowed this theory, stating "the Klaas Plaintiffs are not seeking certification of a subclass of . . . a claim of breach of fiduciary duty related to misrepresentations or omissions," because "[t]hose claims are subsumed by the Turner Plaintiffs' Motion for Class Certification."  Doc. 290, *Klaas* Pls.' Reply in Support of Mot. for Class Cert. at 3.  They reiterated that "neither of the claims the *Klaas*

3

Plaintiffs are seeking to subclass is dependent on misrepresentations made to potential class members or individual reliance on misrepresentations." *Id.* at 3-4.

Instead, the *Klaas* Plaintiffs' class certification briefing asserts a new and convoluted claim for breach of fiduciary duty "directed to Allstate's actions in terminating the retiree life insurance that are inconsistent with the requirements of the [ADEA/OWBPA]." *Id.* at 3. Specifically, they contend that "termination of the retiree life insurance was a breach of Allstate's fiduciary duty because, if termination were in fact permissible, there would be a failure of consideration for the [SRO waiver] . . . " in violation of the ADEA/OWBPA. *Id.* at 5.

Whatever this new ADEA/OWBPA-based claim may be, it is not properly before the Court. Plaintiffs' Amended Complaint does not allege a breach of fiduciary duty claim based on Allstate's failure to comply with the ADEA/OWBPA. *See generally*, Doc. 62, *Klaas* Pls.' Am. Compl. Because it does not appear in the pleadings, Allstate has not had the opportunity to test the legal sufficiency of this claim under Rule 12(b), and any attempt by Plaintiffs to amend at this stage would be untimely. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (holding that "[h]aving proceeded through discovery without amending (or seeking to amend) his complaint to reflect that fundamental change, [plaintiff] was not entitled to raise it in the midst of summary judgment.").

Because Plaintiffs have not timely pleaded their ADEA/OWBPA claim, they are precluded from raising it now. *Id.* However, to the extent that the Court chooses to address the merits of that claim, the claim still fails as a matter of law because Plaintiffs cannot establish any fiduciary misconduct connected with Allstate's termination of the benefit, and because the claim is time-barred.

4

B. **The *Klaas* Plaintiffs' New Breach of Fiduciary Duty Claim Must Be Dismissed Because it is Not Based on Fiduciary Conduct.**

The Court should grant summary judgment against the *Klaas* Plaintiffs on their new breach of fiduciary duty claim based on "Allstate's actions in terminating the retiree life insurance," because it does not arise from any fiduciary function. Doc. 290, *Klaas* Pls.' Reply in Support of Mot. for Class Cert. at 3-4. The threshold question for any breach of fiduciary duty claim is whether the alleged misconduct arises from a fiduciary function. *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Over the past two decades, the Supreme Court and the Eleventh Circuit have consistently recognized that adopting, amending, or terminating a welfare benefit plan are not fiduciary functions. *Lockheed Corp. v. Spink*, 517 U.S. 882, 890-91 (1996) (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) ("[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."). "When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust." *Id.*; *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443 (1999); *Kelly v. Honeywell Int'l, Inc.*, 233 F. Supp. 3d 302, 318–19 (D. Conn. 2017) (discussing different functions). Thus, whether the *Klaas* Plaintiffs contend Allstate designed the SRO to offer inadequate consideration for the SRO waiver, or whether they allege Allstate violated the ADEA/OWBPA by terminating the retiree life insurance, neither act is a fiduciary function. *Hughes Aircraft Co.*, 525 U.S. at 433. Accordingly, the *Klaas* Plaintiffs' new breach of fiduciary claim fails as a matter of law.

C. **The *Klaas* Plaintiffs' "Failure of Consideration" Theory is Untenable.**

The *Klaas* Plaintiffs' argument that Allstate's reservation of a right to terminate the retiree life insurance benefit would somehow eliminate consideration for the ADEA/OWBPA waiver and therefore breach some unspecified fiduciary duty ignores basic principle of contract

law and the ADEA statute.  Consideration for an ADEA/OWBPA waiver can consist of "anything of value in addition to that which the individual is already entitled . . . ."  29 C.F.R. § 1624.22(d)(2).  The statute does not require that the "consideration" be tied to any particular benefit.  By accepting the SRO, each of the named *Klaas* Plaintiffs received hundreds of thousands of dollars in salary continuation benefits and pension enhancements to which they were not "already entitled," which was more than sufficient consideration for the ADEA/OWBPA waiver.  SOF ¶¶ 126-128, 137.

Moreover, retiree life insurance was not in itself a feature of the SRO and therefore could not have been consideration for the waiver.  The SRO simply provided three years' additional participation credit toward eligibility under the pre-existing retiree life insurance plan.  SOF ¶ 46.  Of the approximately 600 employees who accepted the SRO and signed ADEA/OWBPA waivers, nearly a third received no retiree life benefits at all because they did not qualify for retiree life insurance even with the three-year credit enhancement.  SOF ¶¶ 51, 53-54.  As for the *Klaas* Plaintiffs, the three-year credit enhancement could not have constituted consideration for their ADEA/OWBPA waiver, because all of them had independently met the 10-year participation requirement and were "already entitled" to the retiree life benefit without the three-year credit enhancement and regardless of whether they signed the ADEA/OWBPA waiver.  SOF ¶¶ 55-56; 29 C.F.R. § 1624.22(d)(2).  So the retiree life insurance benefit was not "consideration" for the ADEA/OWBPA waiver.

**D.     The *Klaas* Plaintiffs' New Breach of Fiduciary Duty Claim is Time-Barred.**

Even if the *Klaas* Plaintiffs could articulate some ADEA/OWBPA-based claim for breach of fiduciary duty, that claim would be time-barred under 29 U.S.C.A. § 1113.  As explained in detail in the Section 502(a)(3) Brief, an ERISA claim for breach of fiduciary duty can only survive summary judgment if the Plaintiffs file suit within (1) six years after the date of

the last alleged breach; or (2) within three years from the time they had actual knowledge of the facts for their claim, *whichever was earlier*. 29 U.S.C.A. § 1113. The only exception is if the Plaintiffs can prove their claim is based on "fraud or concealment," in which case the Plaintiffs needed to file suit "not later than six years" after they discovered or should have discovered the claimed breach. *Id.*

Because the undisputed evidence shows that any alleged breach occurred more than six years prior to the filing of the *Klaas* lawsuit and Plaintiffs have offered no evidence that Allstate engaged in "fraud or concealment" such that the tolling exception should apply, their breach of fiduciary duty claim is time-barred and must be dismissed.

> 1. The Undisputed Facts Show Plaintiffs' Breach of Fiduciary Duty Claim Cannot Meet the Requirements of Section 1113(1).

The *Klaas* Plaintiffs' breach of fiduciary claim is time-barred under Section 1113(1), because it has been more than six years since the last alleged breach occurred or omission could have been cured. 29 U.S.C.A. §1113(1). Plaintiffs say that they accepted the SRO based on supposed misrepresentations about the benefit being "paid up" or "permanent." Presumably, Allstate "could have cured" these supposed misrepresentations by disclosing correct information before the named *Klaas* Plaintiffs retired on November 30, 1995. SOF ¶ 125. But once Plaintiffs retired, it was too late to cure the misrepresentation about the benefit being "paid-up" or "permanent" because at that point Plaintiffs received non-vested retiree life insurance that under the relevant plan documents could be terminated by Allstate "at any time." This means that the last day the *Klaas* Plaintiffs could have timely filed suit was six years later, on November 30, 2001. Plaintiffs waited more than 10 years after that to commence an action. The *Klaas* Plaintiffs' new Section 502(a)(3) claim is therefore time-barred and should be dismissed as a matter of law.

7

### 2. The Undisputed Facts Show Plaintiffs Cannot Meet the "Fraud or Concealment" Tolling Exception.

As explained in greater detail in the Section 502(a)(3) Brief, Section 1113's "fraud or concealment" tolling exception requires evidence that, among other things, Allstate made false or misleading statements or failed to disclose something it should have disclosed, *and* Allstate did so with the "inten[t] to deceive" so that Plaintiffs would "act upon it to [their] legal injury." *See Fulghum v. Embarq Corp.*, 785 F.3d 395, 415 (10th Cir. 2015). The *Klaas* Plaintiffs have absolutely no evidence that Allstate intended to deceive the *Klaas* Plaintiffs when it offered them the SRO or obtained their SRO waivers. Indeed, Allstate continued to pay for the SRO retiree life insurance benefit for nearly 20 years without interruption before exercising its right to terminate the benefit. SOF ¶ 62. That amply demonstrates that Allstate fully intended to continue paying for the benefit at the time the representations were made.[2] SOF ¶¶ 13-15, 62.

Nor can the *Klaas* Plaintiffs establish that Allstate intentionally concealed information about the retiree life insurance benefit to obtain the SRO waiver. *Larson v. Northrop Corp.,* 21 F.3d 1164, 1173 (D.C. Cir. 1994) ("[T]here must be actual concealment—i.e., some trick or contrivance intended to exclude suspicion and prevent inquiry."). It is undisputed that the SRO documents provided to eligible employees (1) contained a reservation of rights notifying eligible employees that the benefits described in the document could be amended or terminated at any time; or (2) directed readers to the SPD, which said the same thing. SOF ¶¶ 13-14, 48-50. Plaintiff Mountford even admitted that the reservation of rights was "boilerplate" throughout Allstate's benefit documents. SOF ¶¶ 41, 131. The numerous, repeated reservation of rights that appears throughout the SRO materials and the Group Life SPD forecloses any possible claim for

---

[2] In fact, there is no evidence that Allstate even gave consideration to terminating the retiree life benefit until late 2012, when it reviewed its benefit programs in connection with an overall assessment of competitive position and cost-control. SOF ¶ 59.

8

intentional concealment. SOF ¶¶ 9, 13-14, 41, 48-50, 131. Plaintiffs' claimed recollections that they either were not aware of the reservation, or that they did not understand it to apply to them, at most establishes misunderstanding. It does not demonstrate any "concealment" or "fraud" by Allstate.

Because the *Klaas* Plaintiffs have no evidence of "fraud or concealment," the Section 1113 tolling exception does not apply, and their 502(a)(3) claim must be dismissed as a matter of law.

**II.     Summary Judgment is Proper on the *Klaas* Plaintiffs' Section 502(a)(1)(B) Claim Because the SRO Did Not Offer Vested Retiree Life Insurance.**

The *Klaas* Plaintiffs seek a declaratory judgment under ERISA Section 502(a)(1)(B) that by accepting Allstate's SRO, they are entitled to a permanent retiree life insurance benefit at no cost to them. Doc. 62, *Klaas* Pls.' Am. Compl. ¶ 38.b. Claims for ERISA benefits, even those offered under a special retirement opportunity, are governed by ERISA's statutory framework and the terms of an employer's ERISA plan. *Stearn v. NCR Corp.*, 297 F.3d 706, 710-12 (8th Cir. 2002). Thus, even in the case of special retirement opportunities, the Supreme Court's standard in *M & G Polymers* for finding vested welfare benefits still applies: an employer's "'intent to vest must be found in the plan documents and must be stated in clear and express language.'" *M & G Polymers USA LLC v. Tackett*, 135 S. Ct. 926, 937 (2015) (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998) (en banc)).

Here, the SRO governing document did not offer vested retiree life insurance. While the *SRO Details* booklet governed the three-year credit SRO participants received towards retiree life insurance eligibility, Allstate's Group Life SPD in effect in 1994 and 1995 continued to govern the retiree life insurance benefit. SOF ¶¶ 47-48, 49(a)-(b). The *SRO Details* booklet explained that

9

> The Special Retirement Opportunity is governed by the provisions of this booklet. The salary continuation portion of the SRO is governed by the "Salary Continuation Summary Plan Description" section of this booklet. Other benefits outlined in this booklet are governed by the provisions of other plans. Please refer to the applicable summary plan descriptions for those plans.

SOF ¶ 49(b). As explained in detail in the Section 502(a)(1)(B) Brief, the SPD that was in effect in 1994 and 1995 and that served as the governing plan document clearly and unambiguously reserved Allstate's right to amend, modify or terminate retiree life insurance at any time, and clearly and unambiguously stated that plan participants and beneficiaries had no vested right to any of the plans benefits. SOF ¶¶ 11, 13-14, 47-49.

The only benefit the SRO offered relating to retiree life insurance was a three-year participation credit toward the requirement that an employee must have participated in the Employee Group Life Plan for 10 consecutive years prior to retirement. SOF ¶ 46. That meant that employees who participated in the Group Life Plan for less than ten but more than seven years would receive the necessary additional participation credit to obtain retiree life insurance if they accepted the SRO. However, as stated in the applicable SPDs, the retiree life benefit was not vested and at all times was subject to Allstate's right to amend, modify or terminate. SOF ¶¶ 13-14, 47-49. Allstate's decision to terminate the retiree life insurance benefit 20 years later did not in any way impair anyone's receipt of this additional participation credit—those who qualified for the credit received nearly 20 years of coverage. SOF ¶ 62. And none of the named Plaintiffs derived any benefit from the three-year participation credit, as all of them had already met the 10-year eligibility requirement. SOF ¶ 56.

Nonetheless, Plaintiffs posit that by offering a three-year participation credit toward eligibility for non-vested, terminable retiree life insurance under the then-existing plan, Allstate somehow manifested an intent to vest the benefit and make it irrevocable. *M & G Polymers*

10

instructed courts not to place "a thumb on the scale in favor of vested retiree benefits." Plaintiffs' position amounts to loading their side of the scale with an anvil. *M & G Polymers*, 135 S. Ct. at 935. The *Klaas* Plaintiffs' Section 502(a)(1)(B) claim fails as a matter of law, because the undisputed evidence shows that they received the benefit actually offered under the SRO, and Allstate's termination of the retiree life insurance benefit in no way impacted whether or not they received the three-year credit.

## CONCLUSION

For all the foregoing reasons, there is no genuine issue of material fact with respect to the *Klaas* Plaintiffs' separate Section 502(a)(1)(B) and 502(a)(3) claims, and Allstate is entitled to judgment on those claims as a matter of law.

Dated: September 20, 2017

/s/ Richard L. Fenton
Richard L. Fenton
(Admitted *pro hac vice* /IL Bar: 3121699)
Christopher Q. King
(Admitted *pro hac vice* /IL Bar: 6189835)
Amanda M. Moeller
(Admitted *pro hac vice* /IL Bar: 6286890)
DENTONS US LLP
233 South Wacker Drive. Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Dara D. Mann
(Admitted *pro hac vice* /GA Bar: 469065)
Uchenna Ekuma-Nkama
(Admitted *pro hac vice* /GA Bar: 957861)
Deborah F. Lempogo
(Admitted *pro hac vice* /MO Bar: 68516 & IL Bar: 6324234)
DENTONS US LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308

Telephone: (404) 527-4000
Facsimile: (404) 527-4198

Wade P. K. Carr
(Admitted *pro hac vice* /MO Bar:62786 & KS Bar: 25105)
Samantha J. Wenger
(Admitted *pro hac vice* /MO Bar: 25322 & KS Bar: 64230)
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2400
Facsimile: (816) 531-7545

Meagan D. Self
(Admitted *pro hac vice* /TX Bar: 24078453)
DENTONS US LLP
2000 McKinney Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
David J. Middlebrooks
ASB- 8553-D58D
Albert L. Vreeland, II
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Telephone: (205) 323-9262
Facsimile: (205) 326-3008

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2017, I filed the foregoing with the Clerk of the Court via the ECF system, which will send notice and a copy of the same to all counsel of record.

*/s/ Richard L. Fenton*
An attorney for Defendant