IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GARNET TURNER, ET AL., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| | ) | CASE NO. 2:13-CV-685-RAH |
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |
| JOHN E. KLAAS on behalf of himself and all others similarly situated, et al., | ) ) ) ) | |
| | ) | CASE NO. 2:15-CV-406-RAH |
| Plaintiffs, | ) ) ) | |
| v. ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**RENEWED MOTION FOR JUDGMENT ON BONDS**

In light of the mandate issued by the U.S. Court of Appeals for the Eleventh Circuit unanimously affirming the district court's grant of summary judgment to Defendant Allstate Insurance Company ("Allstate") (*See* Doc. 473.), and the Court's September 20, 2021 Order, which denied the Motion for Judgment on Bonds without prejudice, and granted Allstate permission to refile upon issuance of the appeal mandate. (Doc. 471.), Allstate respectfully moves pursuant to Federal Rule of Civil Procedure 65.1 to recover its costs and damages sustained by having been wrongfully enjoined.

US_Active\120427740\V-1

## FACTUAL BACKGROUND

In 2013, Allstate decided to discontinue its retiree life insurance benefit for persons who retired after December 31, 1989, effective January 1, 2016, in accordance with a reservation of rights ("ROR") clearly and consistently conveyed in its Summary Plan Descriptions ("SPDs") and other benefit-related documents. (Doc. 431, Memorandum Opinion and Order ("Order") at 15, 18.) On September 23, 2013, *Turner* Plaintiffs filed a class action Complaint challenging Allstate's termination of the retiree life insurance benefits. (Doc. 1, Compl.)  In August, 2015, the *Klaas* plaintiffs sued separately on behalf of themselves and a class of persons who retired from Allstate in February, 1995 pursuant to a special retirement opportunity program ("SRO") offered by Allstate at the time. (Doc. 62.)  (Doc. 44, *Turner* Sec. Amd. Compl.; Doc. 66, *Klaas* Amd. Compl.)[1] The cases were then consolidated.

On November 11, 2015, Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin Allstate from terminating the retiree life insurance benefits. (Doc. 74, Mot. for Preliminary Injunction.)  After a hearing on Plaintiffs' Motion, on December 29, 2015, Judge Watkins entered a Preliminary Injunction prohibiting Allstate "from discontinuing or cancelling life insurance policies for the named Plaintiffs." (Doc. 92, Order at 3.) In compliance with Judge Watkins' order, Allstate kept the existing insurance in force for the named Plaintiffs. The Court further ordered Plaintiffs to execute and file signature bonds. (*Id.*) *Turner* Plaintiffs and *Klaas* Plaintiffs executed signature bonds in the amount of $5,000.00, and filed them with the Court on September 14, 2016. (Docs. 117, 119.) The Court subsequently increased the bond for the remaining Plaintiffs, on

---

[1] *Turner* Plaintiffs filed a Second Amended Complaint on September 30, 2014.  The Second Amended Complaint included 17 named Plaintiffs. Plaintiffs Fichter, Harbin, and Cuddington died after this action was filed, and Allstate and Plaintiffs filed Suggestions of Death with the Court. (Doc. 218., Fichter Suggestion of Death; Doc. 219., Harbin Suggestion of Death; Doc. 404., Cuddington Suggestion of Death.)  Plaintiff Dructor voluntarily dismissed her claim on June 29, 2017, following her deposition. (Doc. 233, Stipulation of Dismissal of Dructor.)

October 5, 2018 and November 11, 2018, such that Plaintiffs' bonds are set at varying amounts between $5,000.00 and $45,000.00.[2] (Docs. 394, 399, 403.)

On September 20, 2017, Allstate filed motions for summary judgment addressing all claims raised by Plaintiffs. (Docs. 304-305.) On September 30, 2020, the Court issued an Opinion and Order granting Allstate's motion for summary judgment against *Turner* Plaintiffs and *Klaas* Plaintiffs. (Doc. 431.) The Court also issued a Final Judgment in favor of Allstate, and dismissed the cases, with prejudice. (Doc. 432.) Plaintiffs timely appealed.

On October 2, 2020, Allstate informed Plaintiffs that, in light of the Court's decision and Final Judgment, which also dissolved the preliminary injunction as a matter of law,[3] Allstate is terminating any further premium payments for retiree life insurance on the named Plaintiffs. On October 7, 2020, Allstate provided Plaintiffs with a schedule of the premium payments, and

---

[2] On October 5, 2018, the Court entered an Order resetting *Turner* Plaintiffs' bonds as follows: Spiewak and Turner's bond reset to forty-five thousand dollars ($45,000.00); Scholl's bond reset to thirty thousand dollars ($30,000.00); Wofford, Drake, Bentley, Cartrette, Willingham, Vidales, Huff, Kerr and Nixon's bonds reset to fifteen thousand dollars ($15,000.00); Shepherd's bond reset to ten thousand dollars ($10,000.00). (Doc. 394.) On January 7, 2019, the Court dissolved the injunction as to *Turner* Plaintiff Drake. (Doc. 403.)

On November 11, 2018, the Court entered an Order resetting Klaas Plaintiffs' Berardi, Sangston and Klaas' bonds to thirty thousand dollars ($30,000.00). (Doc. 399.) The Court also dissolved the injunction as to *Klaas* Plaintiff Mountford by agreement. (*Id*.)

[3] *See Cypress Barn, Inc. v. Western Electric Co*., 812 F.2d 1363, 1364 (11th Cir. 1987) ("Since a preliminary injunction is interlocutory in nature, it cannot survive a final order of dismissal.") (citing *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977)); *see also Mid-Continent Cas. Co. v. Don Brady Constr. Co*., No. 11-0088-GG-C, 2013 U.S. Dist. LEXIS 118522, at *2-4 (S.D. Ala. Aug. 21, 2013) ("A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause.") (citing *Sweeney v. Hanley*, 126 F. 97, 99 (9th Cir.1903) (then citing *United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir.1988) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one. The preliminary injunction was by its very nature interlocutory, tentative and impermanent.") (quoting *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir.1977)) (then citing *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed.Cir.1988) ("[A]lthough a preliminary injunction is usually not subject to a fixed time limitation, it is ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause.") (then citing *Cypress Barn, Inc*., 812 F.2d at 1364) (then citing 11A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2947 (2005)).

requested payment on the bonds. Allstate and Plaintiffs Charlie Drake, Donald Kerr, Alberta Nixon, Susan Willingham, and Herbert Wofford have reached agreements regarding the bonds, as have Allstate and *Klaas* Plaintiffs Terry Mountford, Frank Berardi, and David Sangston. The remaining Plaintiffs have declined to make payments on their bonds, or enter into an agreement with Allstate addressing the bonds. Accordingly, Allstate, through this motion, seeks to recover from the remaining Plaintiffs its costs and damages sustained by having been wrongfully enjoined.

## ARGUMENT

### I. Allstate is Entitled to Recover its Costs and Damages.

Allstate is entitled to recover its costs and damages because it was wrongfully enjoined from terminating the retiree life insurance benefits as to the named Plaintiffs. "Under Federal Rule of Civil Procedure 65(c), an injunction bond provides security for 'such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.'" *Milan Express, Inc. v. Averitt Express, Inc.*, 254 F.3d 966, 981 (11th Cir. 2001). (citing Fed. R. Civ. P. 65(c)).

"To recover against an injunction bond, a party must prove that it was wrongfully enjoined and that its damages were proximately caused by the erroneously issued injunction." *Milan Express, Inc.*, 254 F.3d at 981; *see also State of Alabama, ex rel. Siegelman v. United States Environmental Protection Agency*, 925 F.2d 385, 389 (11th Cir. 1991) (finding that the district court abused its discretion in discharging the plaintiff from liability on the posted security because "the court was obliged to award damages … unless good reasons existed to deny such an award").

An enjoined party that ultimately prevails in the action was wrongfully enjoined. *See e.g. State of Alabama, ex rel. Siegelman*, 925 F.2d at 390 ("It is not a sufficient reason for denying costs or damages on an injunction bond that the suit had as in this case been brought in good faith")

(quoting with approval *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of Illinois,* 717 F.2d 385, 391 (7th Cir. 1983)). Thus, "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Milan Express, Inc.*, 254 F.3d at 981 (citing *State of Alabama, ex rel. Siegelman*, 925 F.2d at 390 (quoting with approval *Coyne-Delany Co., Inc.,* 717 F.2d at 391). No such reason exists.[4]

Here, the Preliminary Injunction prohibited Allstate "from discontinuing or cancelling life insurance policies for the named Plaintiffs." (Doc. 92, Order at 3.) Accordingly, as a direct and proximate cause of the Preliminary Injunction, Allstate was required to, and did pay premiums and administrative fees to maintain the retiree life insurance benefit for Plaintiffs, throughout the pendency of this action. (Doc. 92.; *see also* Doc. 437-1, Exhibit A; Declaration of S. Shinsato ("Shinsato Decl.")). But, Allstate was entitled to terminate the retiree life insurance benefit in accordance with the clear ROR contained in its SPDs, and other benefit-related documents. (Docs. 431, 471.) Accordingly, having prevailed in the instant action, Allstate is entitled to recover its damages sustained as a result of the Preliminary Injunction.[5] *Milan Express, Inc.*, 254 F.3d at 981.

## CONCLUSION

For all the foregoing reasons, Allstate's Motion for Judgment on Bonds should be granted in its entirety. Accordingly, this Court should Order Plaintiffs Turner, Kerr, Willingham, Cartrette, Huff, Shepherd, Bentley, Spiewak, Wofford, Nixon, Drake, Dructor, Vidales, Scholl, and Klaas to pay the total premium and administrative fees incurred by Allstate as a result of having been

---

[4] Plaintiffs did not file an opposition to Allstate's Motion for Judgment on Bonds (Doc. 437.)

[5] Allstate's premium payments on the named Plaintiffs, and their respective bond amounts are reflected in Shinsato Decl., Exh. 1. (Doc. 437-1.) Ex. 1 was attached to Allstate's previous motion, filed on October 30, 2020. Doc. 437.)  As Allstate and some Plaintiffs have since resolved issues regarding the bond since then, the amount Allstate sought has been modified to reflect the agreements and appropriate subtractions, as reflected in Exhibit A.

wrongfully enjoined, up to Plaintiffs' respective bond amounts and enter judgments for same, as set forth in Exhibit A.

Submitted this 4th day of March, 2022.

                                                                                                    */s/David J. Middlebrooks*
Uchenna Ekuma-Nkama
(Admitted pro hac vice /GA Bar: 957861)
DENTONS US LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

Wade P. K. Carr
(Admitted pro hac vice /MO Bar: 62786 & KS Bar: 25105)
Samantha J. Wenger
(Admitted pro hac vice /MO Bar: 25322 & KS Bar: 64230)
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2400
Facsimile: (816) 531-7545

David J. Middlebrooks
ASB- 8553-D58D
Albert L. Vreeland, II
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Telephone: (205) 323-9262
Facsimile: (205) 326-3008

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022, I filed the foregoing with the Clerk of the Court via the ECF system, which will send notice and a copy of the same to all counsel of record.

*/s/ David J. Middlebrooks*
An attorney for Defendant
