# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| GARNET TURNER individually and on behalf of all others similarly situated, | ) ) ) ) ) | NO. 2:13-cv-685-RAH (Lead Case) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | CONSOLIDATED WITH |
| JOHN E. KLAAS on behalf of himself and all others similarly situated, et al., | ) ) ) ) ) | NO. 2:15-cv-406-RAH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## MOTION TO TRANSFER AND/OR REASSIGN
## TO HONORABLE KEITH WATKINS

COME NOW the *Turner* Plaintiffs and request this Honorable Court to Transfer and/or Reassign this consolidated case to the Honorable Keith Watkins. The grounds for this motion are as follows:

1.  This case was filed on September 23, 2013, almost nine years ago, and was assigned to Judge Watkins, who presided over the case and entered significant

rulings until it was reassigned to Judge Marks on August 8, 2018, shortly after her confirmation. (Doc. 387).

2. There are three matters presently pending before this Court, all of which should be transferred to Judge Watkins for resolution.

3. The first two matters are Allstate's Motions for Judgment on Bonds and For Costs. (Docs. 474, 475). The bonds motion pertains to the security provided by the Plaintiffs in connection with the Preliminary Injunction Judge Watkins entered in favor of the Plaintiffs in December, 2015. (Doc. 92). Plaintiffs have opposed Allstate's motion for judgment on the bonds, and they have responded to the motion for costs. The bonds state that Allstate may recover damages on the bonds **only if** "it is determined that Defendant Allstate was wrongfully enjoined." (Doc. 117-1).

4. Judge Watkins presided over the hearing on Plaintiffs' Motion for Preliminary Injunction in December, 2015. Judge Watkins heard the testimony that came from the witnesses called by the Plaintiffs in support of the motion. Judge Watkins reviewed the exhibits submitted into evidence. Judge Watkins pointedly asked the attorneys for Allstate whether they disagreed with the evidence of misrepresentations testified by the Plaintiffs' witnesses, and they said no. Judge Watkins entered a thorough opinion detailing all his reasons for granting Plaintiffs' Motion for Preliminary Injunction. (Doc. 121). Judge Watkins imposed the

requirements of the bonds and set the bond amount. Allstate did not appeal the injunction.

5. Allstate now says that it was "wrongfully enjoined" by Judge Watkins. (Doc. 474). Pursuant to the language in the bonds, a "determination" must be made that Allstate was "wrongfully enjoined" before it would be able to seek damages under the bonds. (Doc. 117-1). The Judge in the best position to make this "determination" is Judge Watkins. He knows the reasons why he entered the ruling in favor of the Plaintiffs, and whether it was appropriate based on the evidence submitted by the Plaintiffs, and the absence of evidence submitted by Allstate. Allstate's motion should be viewed under the lens of what happened at the Preliminary Injunction hearing back in 2015, and whether it was **appropriate at that time to enter the Preliminary Injunction**, a fact seemingly lost on Allstate, which believes that a result in its favor is an *ipso facto* determination that it was "wrongfully enjoined" by Judge Watkins. Allstate's motion for judgment on the bonds is tantamount to a request that a judge defend a prior ruling. Indeed, it seeks a "determination" that the judge was wrong at the time the decision was entered. This Court should not be thrust into this fray. Judge Watkins is eminently capable of making the determination required by the bonds.

6. Allstate's costs motion is opposed, too. For economy, that matter should be transferred to Judge Watkins for consideration with the Plaintiffs' opposition to the bonds motion.

7. The third matter pending is the *Turner* Plaintiffs' Motion to Vacate Judgment, which has been joined by the *Klaas* Plaintiffs. (Doc. 465). This arises from the extraordinarily unusual circumstance that Judge Marks owned Allstate stock during the time she presided over the case – immediate grounds for disqualification. Plaintiffs were made aware of this development by a letter from Clerk Debra Hackett dated July 28, 2021, advising the parties that "during 2019, while she presided over this case," Judge Marks owned Allstate stock. (Doc. 460). The letter further stated that Judge Marks' ownership of Allstate stock "would have required recusal under the Code of Conduct for United States Judges," but that her ownership "neither affected nor impacted her decisions in this case." *Id*. Respectfully, that is not the test.

8. At the time the Plaintiffs were informed of Judge Marks' disqualifying stock ownership, the case was on appeal at the Eleventh Circuit, and oral argument was imminent—set for August 26, 2021. On August 3, 2021, Plaintiffs filed with the Eleventh Circuit a motion to stay the appeal based on this issue of disqualification, but that motion was denied. On August 16, 2021, Plaintiffs again filed a motion with

the Eleventh Circuit seeking a remand to allow this Court to grant the relief of vacatur sought by Doc. 465. This motion was also denied.

9. This Court, on August 24, 2021, entered an Order deferring a ruling on Plaintiffs' Motion to Vacate Judgment until the mandate from the Eleventh Circuit had issued. (Doc. 469). That has taken place, and this motion is now ripe for a determination.

10. The Motion to Vacate Judgment should likewise be transferred or reassigned to Judge Watkins for resolution. Judge Watkins had the case for several years, until it was reassigned to Judge Marks on August 8, 2018. Had Judge Marks disqualified herself as she should have done, the assignment would have been void. It is likely that the case would have been transferred back to Judge Watkins, given the short bench that existed at the time in the Middle District. There was no reason given why the case was reassigned from Judge Watkins to Judge Marks, given its maturity, pendency of dispositive motions, class certification, and upcoming trial dates. Nor would there have been any reason Judge Watkins could not have continued to preside over the case, which he had capably done since its inception in 2013.

11. Judicial economy likewise compels the transfer or reassignment to Judge Watkins. This term "judicial economy" is frequently invoked but rarely justified. This case is the exception. This case has taken a twisted and contorted

path—from an out of the blue reassignment to Judge Marks, to an admission that she was disqualified some two years after the fact. This Court would be the third judge tasked with getting up to speed on this almost decade old case with a voluminous record. In order for this Court to rule on the pending motions, it would need to do a deep dive into the record. There is no reason for this Court to do so. Judge Watkins remains on the bench, is able to resolve these pending motions, and is not starting from a clean slate.

## Conclusion

This motion is due to be granted for the reasons above.

Respectfully submitted this 27th of April, 2022, by undersigned counsel for the *Turner* Plaintiffs:

/s *W. Lewis Garrison, Jr.*
W. Lewis Garrison, Jr.
ASB-3591-N74W
Christopher B. Hood
ASB-2280-S35H
Jeanie S. Sleadd
ASB-8464-G04T
Taylor C. Bartlett
ASB-2365-A51B

HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Tel: (205) 326 3336
Fax: (205) 326 3332

*Attorneys for* Turner *Plaintiffs*

## CERTIFICATE OF SERVICE

  I certify that on this 27th of April, 2022, I caused a copy of the above and foregoing to be served on all counsel of record by filing same via CM/ECF which will serve all counsel of record:

                /s *W. Lewis Garrison, Jr.*
                W. Lewis Garrison, Jr.