IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARNET TURNER, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 2:13-cv-685-RAH-KFP<br>[WO] |
| JOHN E. KLAAS, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY<br><br>    Defendant. | CASE NO. 2:15-cv-406-RAH-KFP |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion of Turner Plaintiffs Pursuant to Fed. R. Civ. P. 62.1 For Order Vacating Final Judgment* (Doc. 465), which the *Klaas* Plaintiffs have joined (Doc. 467); and the *Turner Plaintiffs' Motion for Leave to Conduct Discovery on the Issue of Judge Marks' Ownership of Allstate Stock* (Doc.

1

497). With the motions being fully briefed and having heard oral argument on the motion to vacate, the matter is ripe for review.

## BACKGROUND

The *Turner* and *Klaas* plaintiffs (collectively, Plaintiffs) are class plaintiffs in this consolidated ERISA litigation brought against Allstate Insurance Company after Allstate stopped paying premiums on retired employees' life insurance policies. On December 29, 2015, the initially assigned judge, Judge W. Keith Watkins, granted the Plaintiffs' motion for a preliminary injunction and ordered Allstate to maintain the premium payments on the subject life insurance policies because "the named Plaintiffs convincingly have demonstrated the elements of a preliminary injunction." (Doc. 92 at 2.) While the case was pending with Judge Watkins, Allstate moved for summary judgment, while the Plaintiffs moved for class certification. The motions were fully briefed and set for a motion hearing on September 5, 2018. (Doc. 386.) However, before the hearing was held, the case was reassigned to Judge Emily C. Marks on August 8, 2018, approximately five days after she was sworn in as a new district judge in this Court. (Doc. 387.) Judge Marks generally continued the motion hearing, but the parties did conduct a status conference on September 12, 2018, during which the status of all pending motions was discussed.

Following that hearing, supplemental briefing was permitted on certain pending motions and other collateral matters. Further, Judge Marks provided the

parties with notice that she was working on the pending motions. (Doc. 406.)

On September 30, 2020, Judge Marks issued a lengthy opinion granting summary judgment in favor of Allstate on all claims. (Doc. 431.) Judge Marks concluded that the Allstate plan documents unambiguously gave Allstate the power to cease paying the premiums on the Plaintiffs' life insurance policies, and further that the Plaintiffs' claims for breach of fiduciary duty were time-barred.

The Plaintiffs then filed an appeal with the Eleventh Circuit Court of Appeals on October 29, 2020. The Eleventh Circuit set oral argument for August 26, 2021.

On July 28, 2021, just a few weeks before the Eleventh Circuit was to hold oral argument, the Clerk of Court for the Middle District of Alabama informed the parties via letter that "during 2019, while [Judge Marks] presided over this case, in a managed account, she owned fewer than ten (10) shares in The Allstate Corporation." (Doc. 460.) The Clerk of Court further stated that Judge Marks's "ownership of stock neither affected nor impacted her decisions in this case" and that "she has since divested herself of any Allstate Corporation stock." Finally, the Clerk stated that Judge Marks's "stock ownership would have required recusal under the Code of Conduct for United States Judges."

In response, Allstate stated that it did not believe that any relief was needed since the matter was on appeal with the Eleventh Circuit under a no-deference *de novo* review standard. (Doc. 461.) The Plaintiffs responded with a letter-request for

more information regarding Judge Marks's ownership interest in Allstate stock (Doc. 462) and later a motion for relief from judgment under Federal Rule of Civil Procedure 62.1 (Doc. 465). The case was reassigned to the undersigned on August 8, 2021. (Doc. 463.)

With the Eleventh Circuit, the Plaintiffs initially filed a motion to stay on August 3, 2021, which was denied by the court one week later on August 10, 2021. The Plaintiffs then filed a motion with the Eleventh Circuit to indefinitely continue oral argument on their appeal and to remand the case back to this Court to grant the relief sought by their Rule 60 motion; that is, vacatur of Judge Marks's summary judgment order. The Eleventh Circuit denied this motion as well and proceeded with oral argument on the Plaintiffs' appeal.

On December 28, 2021, the Eleventh Circuit issued a published opinion unanimously affirming Judge Marks's summary judgment order. (Doc. 472.) Thereafter, the Plaintiffs filed petitions for a writ of certiorari with the United States Supreme Court. While the petitions were pending, the Plaintiffs filed a motion requesting leave to conduct discovery regarding Judge Marks's ownership of Allstate stock. (Doc. 497.) On October 3, 2022, the United States Supreme Court denied the Plaintiffs' petitions. (Doc. 503; Doc. 504.)

On April 27, 2022, the Plaintiffs filed a motion to transfer and reassign this case back to Judge Watkins, who initially presided over the case and issued the

4

preliminary injunction against Allstate. (Doc. 484.) That motion was denied on June 30, 2022. (Doc. 496.)

On November 9, 2022, this Court held oral argument on all pending motions. Two days after the hearing, on November 11, 2022, the Plaintiffs once again filed a motion to transfer and reassign the case back to Judge Watkins. (Doc. 510.)

## DISCUSSION

The Plaintiffs bring their motion to vacate Judge Marks's summary judgment order under Federal Rule of Civil Procedure 60. The Plaintiffs' Rule 60 motion cites the judicial disqualification rules contained in 28 U.S.C. § 455, which, according to the Plaintiffs, required Judge Marks's recusal and her summary judgment order vacated. To be sure, under 28 U.S.C. § 455(c), a federal judge "should inform [her]self about [her] personal and fiduciary financial interests," and under § 455(b), must disqualify herself when she has a financial interest in a party to the proceeding. 28 U.S.C. § 455(b)–(c). The duty to recuse exists no matter the extent of that financial interest—ownership of one share counts just the same as ownership of 1,000 shares.[1] But § 455 "neither prescribes nor prohibits any particular remedy for a violation of that duty." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988). Scienter is not an element of a violation of § 455(a), but it may bear on

---

[1] Because the duty to recuse was mandatory and existed no matter the number of shares Judge Marks owned at the time she ruled on the summary judgment motion, and because the Court is denying the Plaintiffs' motion to vacate judgment as harmless under the *Liljeberg* considerations, the Plaintiffs' motion to conduct limited discovery on the issue of Judge Marks's stock ownership will be denied as moot.

5

the question of a remedy. *Id.* at 859.

The Plaintiffs' remedy here comes by way of Federal Rule of Civil Procedure 60(b)(6), which "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment . . . 'upon such terms as are just.'" *Id.* at 863. A Rule 60 motion is a proper vehicle under which to raise relief from a recusal violation. While motions under Rule 60(b) are addressed to the sound discretion of the district court, they are generally granted only upon a showing of "exceptional circumstances." *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984); *see also Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014). The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order and is a heavy burden to meet given that it is an "extraordinary remedy." *Griffin*, 722 F.2d at 680; *see also Liljeberg*, 486 U.S. at 864 (explaining Rule 60(b) "should only be applied in 'extraordinary circumstances'" (citation omitted)).

In *Liljeberg*, the Supreme Court noted that "in determining whether a judgment should be vacated for a violation of § 455[], it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." 486 U.S. at 864.

The Plaintiffs largely invoke the injustice to them stemming from Judge

6

Marks's summary judgment decision issued when she owned stock in Allstate. Of note, the Plaintiffs do not argue, nor show, prejudice in how Judge Marks handled the case other than to complain about her failure to hold oral argument on the summary judgment motions and the outcome that she later reached. They do not, for example, argue that she inappropriately limited discovery, excluded evidence from the record, or deemed a claim or argument abandoned when she should not have.[2] Instead, they simply argue that recusal was mandatory, and as such, all orders entered by Judge Marks after the duty to recuse arose should be vacated as tainted by that mandatory recusal obligation.

The best the Plaintiffs can point to as evidence that Judge Marks's ownership in Allstate stock tainted or affected the case was that Judge Marks granted summary judgment for Allstate without a hearing after Judge Watkins had previously concluded that the Plaintiffs had convincingly shown a likelihood of success on the merits on their claims and after he had set the summary judgment and class certification motions for a hearing. Their theory therefore rests on the foundation that Judge Watkins was right, Judge Marks was wrong, and that Judge Marks could only be wrong because she held a financial interest in Allstate.

But that theory falls flat, and convincingly so, given what happened after

---

[2] They do not argue that reassignment of the case from Judge Watkins to Judge Marks was improper, or that something was amiss. From this Court's observation, this case was transferred to Judge Marks, just as many others were, during a case load reallocation when she took the bench.

Allstate's summary judgment motions were granted. On appeal, a neutral, disinterested three-judge panel of the Eleventh Circuit, on *de novo* (no deference) review of the same record that Judge Marks reviewed, unanimously affirmed summary judgment in Allstate's favor, concluding "that (1) Allstate had the authority under the SPDs to terminate the retiree life insurance benefits for both putative classes and did not violate ERISA § 502(a)(1)(B) and (2) any claims for breach of fiduciary duty brought under ERISA § 502(a)(3) were time barred." *Klaas v. Allstate Ins. Co.*, 21 F.4th 759, 773 (11th Cir. 2021). That opinion was followed by an unsuccessful effort to obtain review and relief with the United States Supreme Court.

Regardless of Judge Marks's summary judgment ruling, the Eleventh Circuit took a fresh, no-deference look at the record and concluded that Allstate was entitled to summary judgment. That is enough to show that there is no risk of injustice to the Plaintiffs from Judge Marks's failure to recuse, especially when the Plaintiffs can point to no other action by Judge Marks that impacted the summary judgment record that both she and the Eleventh Circuit reviewed. *See, e.g.*, *Williamson v. Indiana Univ.*, 345 F.3d 459, 464–65 (7th Cir. 2003) (finding that a decision not to recuse was harmless because the Seventh Circuit reviewed "the grant of summary judgment *de novo*," providing "a full review by an impartial panel"); *Waldon v. Wal-Mart Stores, Inc. Store Number 1655*, No. 1:17-cv-03673, 2022 WL 4552673 (S.D.

8

Ind. Sept. 29, 2022) (denying motion to vacate because there was no showing of risk of injustice due to failure to recuse when the Seventh Circuit affirmed a grant of summary judgment on *de novo* review); *In re SSA Bonds Antitrust Litigation*, No. 16-cv-3711, 2022 WL 4774793 (S.D.N.Y. Oct. 3, 2022) (same where the Second Circuit affirmed a grant of summary judgment).  That Judge Marks did not hold oral argument does not show how the Plaintiffs were prejudiced or how the record was tainted.

During oral argument on the Plaintiffs' motion to vacate, the Plaintiffs strenuously argued the Court should follow Judge Watkins's lead in another case in which he vacated a dismissal order from Judge Marks that had been affirmed by the Eleventh Circuit on appeal.  The Court has reviewed the record in that case, *Jeannetta Springer, et al. v. Wells Fargo Bank, N.A., et al.*, No. 2:17-cv-00693-WKW-SMD (M.D. Ala.), and does not find it persuasive to this Court's disposition of the Plaintiffs' motion to vacate.  A review of Judge Watkins's order in *Springer*, a case where the plaintiff was *pro se*, reveals no discussion of the *Liljeberg* considerations, no discussion of whether there would be injustice to the plaintiffs, no opposition voiced by the defendants, and a simple statement by Judge Watkins that he was going to grant the Rule 60 motion "in an abundance of caution."  Order, *Springer*, No. 2:17-cv-00693-WKW-SMD (M.D. Ala. Apr. 18, 2022) (Doc. 45).  And then, a day after issuing that order vacating Judge Marks's order, he issued a

9

new order dismissing the case. *See* Order, *Springer*, No. 2:17-cv-00693-WKW-SMD (M.D. Ala. Apr. 19, 2022) (Doc. 46).

Here, there is opposition by Allstate, and therefore a need to consider the *Liljeberg* factors. And consideration of those factors, especially the injustice to the Plaintiffs, compels the only conclusion that can be reached: the Plaintiffs' Rule 60 motion is due to be denied because Judge Marks's failure to recuse was harmless. Other courts have rejected similar requests stemming from recusal issues where the challenged orders were affirmed on appeal. *See Williamson*, 345 F.3d at 464–65; *Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415, 1417 (Fed. Cir. 1989) (affirming district court's denial of motion to vacate where, among other reasons, "liability was 'tried long ago in a complex and exhausting effort by all parties and the judgment on liability was appealed from and affirmed"); *Brock v. Zuckerberg*, No. 21-1796, 2022 WL 1231044, at *3–4 (2d Cir. Apr. 27, 2022) (after affirming district court decision on *de novo* review, denying motion to vacate because "the risk of injustice to the parties is exceedingly low" since the circuit court "review[ed] the question . . . anew, without any deference to [the conflicted district judge's] assessment"); *In re SSA Bonds Antitrust Litig.*, 2022 WL 4774793; *Waldon*, 2022 WL 4552673, at *2; *Obduskey v. Fargo*, No. 15-cv-1734, 2022 WL 1128553, *5 (D. Colo. April 15, 2022) (finding district judge's failure to recuse did not warrant vacatur where the decision was affirmed by the Tenth Circuit and the Supreme

Court); *see also ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 174 (2d Cir. 2022) ("Now, on appeal, three more unconflicted judges review the parties' arguments—again *de novo*—to decide what the contract means. This procedure assures that the final disposition of the case is not affected by any conflict of interest."); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 (11th Cir. 1988) ("[W]e agree with the district court that summary judgment was proper. It would, therefore, be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper."); *Moore v. Intuitive Surgical, Inc.*, No. 1:15-cv-56, 2022 WL 4552673 (M.D. Ga. Oct. 16, 2019) (declining to vacate district judge's summary judgment decision after failing to recuse herself where the case was pending before the Eleventh Circuit).

The Plaintiffs have not convincingly argued that denial of their requested relief could produce injustice in other cases or undermine the public's confidence in the judicial process. And this Court finds none from the record presented, especially given the Eleventh Circuit's *de novo* review. Indeed, granting the Plaintiffs the relief that they seek would tend to undermine the public's confidence in the judicial process. *See, e.g.*, *United States v. Cerceda*, 172 F.3d 806, 816 n.15 (11th Cir. 1999) (noting public would lose confidence in judicial process if the judgment was vacated, which is "especially true when the appellate court has conducted a plenary review

11

of the trial court's judgment"); *Parker*, 855 F.3d at 1527 ("Judicial decisions based on such technical arguments not relevant to the merits contribute to the public's distrust in our system of justice."); *Williamson*, 345 F.3d at 464–65 ("Because we have concluded that Williamson's claims raise no genuine issues of material fact . . . the act of vacating the district court's judgment would be counterproductive, inefficient, and would serve only to weaken public confidence by undermining the finality of judgments."); *see also In re SSA Bonds Antitrust Litig.*, 2022 WL 4774793, at *2 (reasoning the unanimity among the five Article III judges that concluded the plaintiffs' complaint should have been dismissed "undercuts any notion that giving Plaintiffs another bite at the apple is necessary to maintain confidence in the judicial system").

On a final note, during the hearing, the Plaintiffs argued this Court should vacate Judge Marks's order, and relatedly the Eleventh Circuit's opinion, because they both got it glaringly wrong. This Court chooses not to delve into the merits of whether they were right or wrong. But if the Eleventh Circuit panel was so wrong, as the Plaintiffs claim, the Plaintiffs certainly could have asked for an *en banc* rehearing. But they did not. In any event, for this Court to vacate the underlying final judgment and find contrary to the express holding of the Eleventh Circuit, this Court would have to step into weighty issues of stare decisis and the law of the case doctrine. This Court elects not to do so, as it is unnecessary.

## CONCLUSION

It is therefore ORDERED as follows:

(1)  The *Motion of Turner Plaintiffs Pursuant to Fed. R. Civ. P. 62.1 For Order Vacating Final Judgment* (Doc. 465) is DENIED.

(2)  The *Klaas* Plaintiffs' *Response to Motion of Turner Plaintiffs Pursuant to Fed. R. Civ. P. 62.1 For Order Vacating Final Judgment*, which the Court construes as a joinder in the *Turner* Plaintiffs' motion to vacate  (Doc. 467), is DENIED.

(3)  The *Turner Plaintiffs' Motion for Leave to Conduct Discovery on the Issue of Judge Marks' Ownership of Allstate Stock* (Doc. 497) is DENIED as moot.

DONE, on this the 13th day of December, 2022.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE