# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 15, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-10187-CC
Case Style: Garnet Turner, et al v. Allstate Insurance Company
District Court Docket No: 2:13-cv-00685-RAH-KFP
Secondary Case Number: 2:15-cv-00406-RAH-KFP

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against the appellants</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

# In the United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10187

Non-Argument Calendar

_____

GARNET TURNER,
individually and on behalf of all others similarly situated,
JAMES CARTRETTE,
BILL HUFF,
KATHY SHEPHERD,
VERNON BENTLEY, et al.,

                                                                        Plaintiffs-Appellants,

SUZANNE WILLINGHAM, et al.,
individually and on behalf of all others similarly situated,

                                                                         Plaintiffs,

*versus*

ALLSTATE INSURANCE COMPANY,

2            Opinion of the Court            23-10187

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket Nos. 2:13-cv-00685-RAH-KFP,
2:15-cv-00406-RAH-KFP

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

    After Allstate Insurance Company informed retirees that it would no longer pay their life insurance premiums, a group of retirees sued the company. The district court granted summary judgment to Allstate, and the retirees appealed. Shortly before oral argument in the appeal, the district court notified the parties that the judge who issued the summary judgment order had owned Allstate stock while the case was pending before her and should have recused. Upon *de novo* review, a panel of this Court affirmed the summary judgment order.

    After this Court's mandate issued, the retirees sought in the district court to vacate the summary judgment order because of the district court judge's failure to recuse. The case was reassigned to a new district court judge, who denied the retirees' motion to vacate. The retirees again have appealed. After careful

Case 2:13-cv-00685-RAH-KFP   Document 529   Filed 12/15/23   Page 5 of 11
USCA11 Case: 23-10187   Document: 46-1   Date Filed: 12/15/2023   Page: 3 of 9

23-10187            Opinion of the Court            3

consideration of the parties' briefs and the record, we affirm the denial of the motion to vacate.

I.

For many years, Allstate provided its employees with life insurance that continued into retirement at no cost to the employee or retiree. Later, to cut costs, Allstate decided to stop paying life insurance premiums for retirees. A group of retirees sued, claiming that this decision violated the Employee Retirement Income Security Act of 1974 (ERISA) and breached Allstate's fiduciary duty.

The retirees filed their lawsuit in the Middle District of Alabama. The case was initially assigned to Judge Mark Fuller, who presided over the case for nearly a year before it was reassigned to Judge W. Keith Watkins. While the case was pending before Judge Watkins, the retirees moved for a preliminary injunction requiring Allstate to continue paying the named plaintiffs' life insurance premiums. Judge Watkins granted the motion and issued the requested preliminary injunction.

Following discovery, Allstate moved for summary judgment. While the summary judgment motion was pending, the case was reassigned to Judge Emily Marks, who had recently been sworn in as a district court judge for the Middle District of Alabama. Approximately two years after the case was reassigned to Judge Marks, she granted summary judgment to Allstate. The retirees appealed. The appeal was fully briefed, and this Court scheduled oral argument.

Case 2:13-cv-00685-RAH-KFP   Document 529   Filed 12/15/23   Page 6 of 11
USCA11 Case: 23-10187   Document: 46-1   Date Filed: 12/15/2023   Page: 4 of 9

4                     Opinion of the Court                  23-10187

A few weeks before oral argument, the Clerk of Court for the Middle District of Alabama sent the parties a letter disclosing that Judge Marks had a conflict of interest. The letter reported that in 2019, while presiding over the case, Judge Marks "owned fewer than ten (10) shares in The Allstate Corporation" in a managed account. Doc. 460 at 1.[1] The letter acknowledged that this stock ownership "required recusal under the Code of Conduct for United States Judges" but stated that the stock ownership "neither affected nor impacted [Judge Marks's] decisions in this case." *Id.* A few days after sending this letter, the clerk reassigned the case to Judge R. Austin Huffaker.

Upon learning of Judge Marks's conflict of interest, the retirees filed motions in this Court to stay the appeal and sought a limited remand to the district court. This Court denied the motions.

In addition, the retirees filed a motion in the district court seeking an indicative ruling from Judge Huffaker that he would vacate the final judgment if the district court had jurisdiction.[2]

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] When a litigant files a motion in district court that the court "lacks authority to grant" because of a pending appeal, the Federal Rules of Civil Procedure authorize the district court to (1) defer considering motion, (2) deny the motion, or (3) state "either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). If the district court states that it would grant the motion or that the motion raises a substantial issue, the Federal Rules of Appel-

23-10187               Opinion of the Court                5

Judge Huffaker deferred ruling on the motion, explaining that appellate proceedings were "ongoing" and oral argument was just a few days away. Doc. 469 at 2. Judge Huffaker indicated that he would rule on the motion to vacate after this Court issued its mandate.

After oral argument, a panel of this Court affirmed the grant of summary judgment in Allstate's favor. *See Klaas v. Allstate Ins.*, 21 F.4th 759 (11th Cir. 2021). The panel explained that it reached this conclusion after *de novo* review. *Id.* at 766.

The mandate issued, and the case returned to the district court. The parties briefed the retirees' motion to vacate. Judge Huffaker denied the motion. Although the retirees initially filed their motion, which sought an indicative ruling, under Federal Rule of Civil Procedure 62.1, Judge Huffaker construed the filing as a Rule 60(b)(6) motion because it sought to vacate the judgment.

Judge Huffaker ruled that Judge Marks had a duty to recuse herself because she owned Allstate stock, and a judge "must disqualify herself when she has a financial interest in a party to the proceeding." Doc. 517 at 5 (citing 28 U.S.C. § 455). But, Judge Huffaker cautioned, the fact that Judge Marks had a duty to recuse did not necessarily mean that the final judgment should be va-

---

late Procedure permit an appellate court to "remand for further proceedings" while retaining jurisdiction over the appeal. Fed. R. App. P. 12.1.

Case 2:13-cv-00685-RAH-KFP   Document 529   Filed 12/15/23   Page 8 of 11
USCA11 Case: 23-10187   Document: 46-1   Date Filed: 12/15/2023   Page: 6 of 9

6                          Opinion of the Court                    23-10187

cated. To decide whether to vacate the judgment, Judge Huffaker weighed several factors: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 6 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). Because this Court had, upon *de novo* review, affirmed the grant of summary judgment, Judge Huffaker found that there was no risk of injustice to the parties in this case, no risk of injustice to future litigants, and no risk of undermining the public's confidence in the judicial process. Judge Huffaker thus concluded that Judge Marks's failure to recuse was harmless and denied the retirees' motion to vacate the judgment.

The retirees again appeal.

## II.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *See Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1332 (11th Cir. 2023).

## III.

The issue before us in this appeal is whether Judge Huffaker abused his discretion in denying the retirees' motion to vacate. We discern no abuse of discretion.

To begin, Judge Marks was required to recuse because she owned stock in Allstate. *See* 28 U.S.C. § 455(b)(4), (d)(4) (requiring a judge to recuse when she owns stock in a party to a proceed-

Case 2:13-cv-00685-RAH-KFP   Document 529   Filed 12/15/23   Page 9 of 11
USCA11 Case: 23-10187   Document: 46-1   Date Filed: 12/15/2023   Page: 7 of 9

23-10187                Opinion of the Court                          7

ing). But our conclusion that Judge Marks should have recused herself does not end the inquiry.

"Although § 455 defines the circumstances that mandate disqualification of federal judges, it neither prescribes nor prohibits any particular remedy for a violation of that duty." *Liljeberg*, 486 U.S. at 862. When a party seeks to vacate a final judgment because the district court judge should have recused under § 455, a court considers the following factors: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864.

Judge Huffaker considered these factors in denying the motion to vacate. We conclude that Judge Huffaker did not abuse his discretion. As to the first factor, the risk of injustice to the parties in this case absent vacatur is nonexistent. After Judge Marks disposed of the case by granting summary judgment, a panel of this Court independently reviewed the judgment under a *de novo* standard—meaning we reviewed the record anew, without deference to the district court—and affirmed it. In this circumstance, we see no risk of injustice to the parties absent vacatur. *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 (11th Cir. 1988) (explaining that this factor weighed against vacatur when "we have already exercised plenary review and have concluded that summary judgment was proper"); *see also Curves, LLC v. Spalding Cnty.*, 685 F.3d 1284, 1288 (11th Cir. 2012) (explaining that any injustice to the parties resulting from district court judge's purported con-

Case 2:13-cv-00685-RAH-KFP   Document 529   Filed 12/15/23   Page 10 of 11
USCA11 Case: 23-10187   Document: 46-1   Date Filed: 12/15/2023   Page: 8 of 9

8                  Opinion of the Court                  23-10187

flict of interest was "cured by our fresh review" under a *de novo* standard).[3]

Turning to the second factor, denying relief here will not produce injustice to parties in future cases. As we have previously recognized, when a district court judge who should have recused grants a motion for summary judgment and a panel of this Court applying *de novo* review later affirms, denying a motion to vacate "will not produce any injustice in future cases." *Parker*, 855 F.2d at 1527.

For the third factor, we cannot say that denying the motion to vacate risks further undermining the public's confidence in the judicial process. Although Judge Marks entered the summary judgment order while conflicted, a panel of three appellate judges, none of whom had a conflict, gave this case a fresh look without any deference to the district court's decision. This procedure assured that the final disposition of the case was unaffected by Judge Marks's conflict of interest. *See Curves, LLC*, 685 F.3d at 1288 (concluding that public's confidence in the judicial process was not

---

[3] The retirees suggest that the previous panel decision holding that Allstate was entitled to summary judgment was erroneous, arguing that "[a]n independent review of the record would result in a denial of Allstate's motion for summary judgment." Appellants' Br. at 23. But the law of the case doctrine bars us from revisiting the decision affirming summary judgment. *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (explaining that "the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication" in an earlier appeal).

Case 2:13-cv-00685-RAH-KFP   Document 529   Filed 12/15/23   Page 11 of 11
USCA11 Case: 23-10187   Document: 46-1   Date Filed: 12/15/2023   Page: 9 of 9

23-10187                Opinion of the Court                9

undermined by district court judge's granting summary judgment when appellate court reviewed the judgment under a *de novo* standard and affirmed).

The retirees nevertheless argue that vacatur is required to ensure that judges in future cases "carefully examine possible grounds for disqualification" so that litigants do not have their cases decided by judges with a conflict of interest. Appellants' Br. at 26. We agree that judges must maintain vigilance to keep apprised of the stocks they own and recuse from cases when they own stock in one of the parties. *See* 28 U.S.C. § 455(b)–(c). Still, given this Court's affirmance of the summary judgment order on *de novo* review, we are not persuaded that the district court judge abused his discretion in denying the motion to vacate. *See Curves*, 685 F.3d at 1288. We therefore affirm.[4]

**AFFIRMED.**

---

[4] The retirees also argue that the district court erred in denying their request to conduct discovery to learn the specific dates when Judge Marks purchased and sold Allstate stock and the total number of shares that she owned. We agree with Judge Huffaker that this discovery was unnecessary because it was undisputed that Judge Marks owned Allstate stock and thus had a duty to recuse. Thus, the district court did not abuse its discretion when it denied the retirees' request for discovery. *See Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005).